LORD v GENESEE CIRCUIT JUDGE

1. JUDGES—CIRCUIT JUDGE—STATE OFFICER—QUO WARRANTO—JURIS-
   DICTION—COURT OF APPEALS—SUMMARY JUDGMENT.

   A circuit judge is a state officer and quo warranto proceedings
   against a state officer are within the exclusive jurisdiction of
   the Court of Appeals; therefore, to the extent that a plaintiff
   sought coercive relief equivalent to quo warranto against a
   defendant circuit judge in a circuit court the circuit court
   properly granted summary judgment to the defendant (Const
   1963, art 6, § 1; GCR 1963, 715.1[1]).

2. MANDAMUS—JUDGMENT—SUMMARY JUDGMENT—SECRETARY OF
   STATE—STATE OFFICER—JURISDICTION—COURT OF APPEALS.

   Mandamus proceedings against a state officer must be com-
   menced in the Court of Appeals; therefore a summary judg-
   ment was properly entered by a circuit court against a plaintiff
   who had instituted mandamus proceedings against the Secre-
   tary of State in circuit court (GCR 1963, 714.1[1]).

3. COURTS—CIRCUIT COURT—DECLARATORY RELIEF—JURISDICTION—
   QUO WARRANTO—MANDAMUS—COURT OF APPEALS.

   A plaintiff is entitled to seek declaratory relief in a circuit court
   and such a court has jurisdiction to grant the declaratory relief
   prayed for even though the plaintiff had other remedies than
   declaratory relief and could have sought mandamus and quo
   warranto relief in the Court of Appeals (GCR 1963, 521.1,
   521.3).

4. ELECTIONS—JUDGES—CIRCUIT COURT—VACANCY—GUBERNATORIAL
   APPOINTEE.

   A successor to an interim gubernatorial appointee filling a vacant
   circuit judgeship must be elected at the next general election
   following the date of vacancy for which the requirements
   prescribed for nomination and election could be met by aspi-
   rants to the position of circuit judge; a July 1, 1972, effective

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] No references.

[3] 20 Am Jur 2d, Courts § 93 *et seq.*

[4–7] 46 Am Jur 2d, Judges §§ 239, 240.

date of vacancy in a circuit judgeship allowed no time within which one could qualify as a nominee for the position in the 1972 general election as the deadline for filing qualifying petitions passed June 20, 1972, the successor could only be elected in the fall general election of 1974, and the gubernatorial appointee is entitled to hold office in the interim until January 1, 1975.

5. JUDGES—CIRCUIT COURT—VACANCY—RESIGNATION—CONDITIONS.

A vacancy in a circuit judgeship did not exist until the effective date of the judge's resignation even though the judge announced her intention to resign the office two months prior to the actual resignation, because for varying reasons it is entirely conceivable that the vacancy may never have materialized due to a change in circumstances before the effective date set forth as a condition of the resignation submitted by the judge.

6. ELECTIONS—JUDGES—CIRCUIT COURT—VACANCY—NOMINATING PETITIONS—REASONABLE TIME PERIOD—STATUTES.

A reasonable period, whatever it may be determined to be, is necessary to enable persons desiring to declare for a vacant circuit judgeship to secure and file the necessary nominating petitions to comply with the statutory requirements (MCLA 168.413, 168.424).

7. ELECTIONS—JUDGES—CIRCUIT COURT—VACANCY—CONSTITUTIONAL LAW.

There is no present Michigan law which would permit a trial court to require an election to fill a vacant circuit judgeship until the vacancy is actually created and there are no reasons based on public policy which would be sufficiently compelling to warrant any other interpretation of that section of the Michigan Constitution providing for the filling of vacant judgeships (Const 1963, art 6, § 23).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 October 10, 1972, at Grand Rapids. (Docket No. 14622.) Decided December 28, 1973.

Complaint by Ray Lord against Elza H. Papp, Genesee Circuit Judge, Richard H. Austin, Secretary of State, and George Dunn, Genesee County Clerk, for a declaratory judgment that an election

must be had for the office of circuit judge held by Judge Elza H. Papp and vacated by her on July 1, 1972. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Thomas M. Donnellan,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General, for defendants.

Before: HOLBROOK, P. J., and R. B. BURNS and TARGONSKI,* JJ.

TARGONSKI, J. An action for declaratory judgment was brought by a voter of Genesee County to declare an election for the circuit judgeship held by Judge Elza H. Papp and vacated by her on July 1, 1972. The circuit judge hearing the matter ruled he was without jurisdiction to decide matters of quo warranto or mandamus against a state officer and as to the matter of declaratory relief refused to grant same.

Elza H. Papp was elected Circuit Judge of Genesee County at the 1966 general November election for a ten-year term commencing on January 1, 1967 and expiring on January 1, 1977. On April 30, 1972, she announced her intention to resign the office and on May 4, 1972 submitted her resignation to the Supreme Court effective July 1, 1972. On June 28, 1972 Governor Milliken appointed Judge Ollie B. Bivins, Jr., as circuit judge to fill said vacancy.

On May 25, 1972, plaintiff requested the defendant Secretary of State to announce that the Secretary of State would accept for filing nominating

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

petitions of candidates for nomination at the August, 1972 primary election as candidates for election to fill the office for the remainder of the unexpired term. The Secretary of State declined to do so. June 20th was the final date for the filing of nominating petitions by candidates for the primary election of August 8, 1972. MCLA 168.413; MSA 6.1413. However, MCLA 168.424; MSA 6.1424 makes exception as to the time for filing nominating petitions for election to the vacated seat of a circuit judge. This statute provides:

"Whenever a vacancy shall occur in the office of circuit judge, the governor shall appoint a successor to fill the vacancy. The person appointed by the governor shall be considered an incumbent for purposes of this act and shall hold office until 12 noon of January 1 following the next general election at which a successor is elected and qualified. At the next fall primary election held at least 70 days after such vacancy shall occur, candidates shall be nominated to fill the vacancy in the manner provided in this chapter for the nomination of candidates for circuit judge. The vacancy shall be filled at the election next following the primary in the manner provided in this chapter for the election of circuit judges. The person elected shall hold such office for the remainder of the unexpired term."

The Supreme Court recently issued orders in *Kirwan v Secretary of State,* 388 Mich 759 (1972), and *McCann v Secretary of State,* 388 Mich 768 (1972), which directly pertain to the issue raised on this appeal. *McCann* and *Kirwan* were partly mandamus and/or quo warranto proceedings instituted in the Court of Appeals and by-passed to the Supreme Court. By the terms of these orders the Supreme Court has apparently indicated an intention to limit MCLA 168.424; MSA 6.1424 in that by the terms of those orders the Supreme Court ordered the Secretary of State to accept petitions

for a vacant circuit court judgeship notwithstanding the "70 days" period provided in the statute "in that said statutory limitation, as applied to this case, is an unreasonable limitation upon the provisions of Const 1963, art 6, § 23".

The issue in this case requires an interpretation not only of certain statutes but also of the Constitution of 1963 relative to filling vacancies in circuit court judgeships. We will at this point set forth the various statutory and constitutional provisions which will be the subject of interpretation herein so that it will be much simpler to follow the legal requirement and reasoning developed in the interpretation thereof. Const 1963, art 6, § 23 is one of such provisions. It was amended in 1968. We believe it will be of assistance to see the language both prior to and after the amendment, and for that reason set forth the section in full in both instances.

Prior to the amendment, § 23 read as follows:

"A vacancy in the elective office of a judge of any court of record shall be filled at a general or special election as provided by law. The supreme court may authorize persons who have served as judges and who have retired, to perform judicial duties for the limited period of time from the occurrence of the vacancy until the successor is elected and qualified. Such persons shall be ineligible for election to fill the vacancy."

After the amendment this section now reads as follows:

"A vacancy shall occur in the office of judge of any court of record or in the district court by death, removal, resignation or vacating of the office, and such vacancy shall be filled by appointment by the governor. The person appointed by the governor shall hold office until 12 noon of the first day of January next succeeding the first general election held after the vacancy

occurs, at which election a successor shall be elected for the remainder of the unexpired term. Whenever a new office of judge in a court of record, or the district court, is created by law, it shall be filled by election as provided by law. The supreme court may authorize persons who have been elected and served as judges to perform judicial duties for limited periods or specific assignments."

Const 1963, art 6, § 12 provides as follows:

"Circuit judges shall be nominated and elected at non-partisan elections in the circuit in which they reside, and shall hold office for a term of six years and until their successors are elected and qualified. In circuits having more than one circuit judge their terms of office shall be arranged by law to provide that not all terms will expire at the same time."

Const 1963, art 6, § 1 provides as follows:

"The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house."

MCLA 168.413; MSA 6.1413 provides the following with reference to nominations for the office of circuit judge:

"To obtain the printing of the name of any person as a candidate for nomination for the office of judge of the circuit court upon the official nonpartisan primary ballots, there shall be filed with the secretary of state nominating petitions containing the signatures, addresses and dates of signing of a number of qualified and registered electors residing in the judicial circuit. * * * The secretary of state shall receive such nominating petitions up to 4 p.m., E.S.T., in the afternoon of the seventh Tuesday preceding the primary."

Plaintiff argued in the trial court that because the resignation was made public prior to its effective date the position was rendered "vacant" prior to July 1, 1972. This argument has not been repeated on appeal and is therefore deemed abandoned.

The trial court concluded that the plaintiff in seeking an order vacating the circuit judgeship of Elza H. Papp was pressing an action quo warranto against a state officer, which must be commenced in the Court of Appeals by the Attorney General. GCR 1963, 715.1(1) and 715.2. GCR 1963, 715.1(1) provides as follows:

"All actions for quo warranto against any person who usurps, intrudes into, or unlawfully holds or exercises any state office, and against any state officer who does or suffers any act which, by the provisions of law, works a forfeiture of his office, shall be commenced in the Court of Appeals."

The determination that a circuit judge is a state officer was based on the provision of Const 1963, art 6, § 1. The Supreme Court in *Douvielle v Manistee Supervisors,* 40 Mich 585 (1879), held that probate judges were state officers, not county officers. Later, in *Murtha v Lindsay,* 187 Mich 79; 153 NW 245 (1915), it was held that judges of the recorder's court are state officers.

There is no room for doubt that quo warranto proceedings against a state officer are within the exclusive jurisdiction of the Court of Appeals. To the extent that plaintiff seeks coercive relief equivalent to quo warranto against circuit judge Elza H. Papp, summary judgment was appropriate. GCR 1963, 117.2(1).

On the question of mandamus proceedings against the Secretary of State, it is established

that mandamus proceedings against a state officer must be commenced in the Court of Appeals. GCR 1963, 714.1(1). The summary judgment to the extent of the coercive relief sought against the Secretary of State was properly entered under GCR 1963, 117.2(1).

We now consider whether the trial court properly granted summary judgment with respect to the plaintiff's prayer for declaratory relief. Admittedly, plaintiff had other remedies than declaratory relief and could have sought mandamus and quo warranto relief in the Court of Appeals. The availability of other remedies does not preclude declaratory relief, however. GCR 1963, 521.1 and 521.3. Plaintiff is entitled to seek declaratory relief in spite of the availability of relief by way of quo warranto and mandamus. The circuit court had jurisdiction to grant the declaratory relief prayed for.

After hearing the arguments of the parties, the trial court interpreted the language of Const 1963, art 6, § 23 to mean that a successor to an interim gubernatorial appointee must be elected at the next general election following the date of vacancy for which the requirements prescribed for nomination and election could be met by aspirants to the position of circuit judge. The trial court concluded that July 1 was the effective date of the vacancy and that for that reason there was no time within which one could qualify as a nominee for this position in the 1972 general election as the deadline for filing qualifying petitions passed June 20. The successor could only be elected in the fall general election of 1974. The gubernatorial appointee was, therefore, entitled to hold office in the interim, his position to expire on January 1, 1975. We agree. For varying reasons it is entirely con-

ceivable that the vacancy may never have materialized due to a change in circumstances before the effective date set forth as a condition of the resignation submitted by Judge Elza H. Papp. Therefore no vacancy existed until the effective date of the resignation. No candidates filed for the primary, not even the judge appointed to fill the vacancy.

The Supreme Court indicated in its orders in *Kirwan* and *McCann* that the "70 day" limitation of MCLA 168.424; MSA 6.1424 will not preclude the filing of nominating petitions for a vacated circuit court seat. These cases, however, leave unanswered the question of what cut-off point for filing nominating petitions will be deemed consistent with the requirement of Const 1963, art 6, § 23 that an election be held to fill a vacated circuit court judgeship at the "first general election held after the vacancy occurs". In the instant case the time for filing the nominating petitions expired before the vacancy occurred. Thus it was impossible for any person to comply with the provisions of MCLA 168.413; MSA 6.1413. Thus it becomes unnecessary for us to determine what a reasonable period for compliance with the provisions of the statute would be as a proper interim between the occurrence of the vacancy and the deadline for filing nominating petitions. We do find, however, that a reasonable period, whatever it may be determined to be, is necessary to enable persons desiring to declare for the vacant position to secure and file the necessary nominating petitions to comply with the statutory requirements.

This is a declaratory judgment action as stated hereinabove, that being the only basis on which the circuit court could have entertained jurisdiction. For that reason, this Court is without author-

ity to order the type of relief ordered by the Supreme Court in *Kirwan.*

Plaintiff contends that as a matter of policy the trial court should have exercised its discretion and required an election because as a practical matter there was still time in which to permit candidates to qualify. This argument is presented on the theory that the Constitution of this State favors an elected as opposed to an appointed judiciary. The mandate of the electorate by way of the 1968 amendment to Const 1963, art 6, § 23 indicates a different attitude on the part of the electorate, at least as far as an interim vacancy is concerned. There is no present Michigan law which would permit the trial court to require an election until the vacancy is actually created and there are no reasons based on public policy which would be sufficiently compelling to warrant any other interpretation.

Accordingly, the trial court's summary judgment of dismissal as to the quo warranto proceedings against Judge Elza H. Papp and summary judgment of dismissal as to the mandamus proceedings against the Secretary of State are hereby affirmed. As to the summary judgment of dismissal of the prayer for declaratory relief, we find that the form of judgment is not proper, but concur with the trial court's findings that the plaintiff did not establish any basis for declaratory relief since the circuit judgeship in question did not become vacant until July 1, 1972 and consequently there was no constitutional or statutory authority for requiring an election in 1972 to fill such vacancy. We hereby affirm our order heretofore entered in this cause denying the request for an election in 1972 and declare that the judge appointed by the Governor shall serve until January 1, 1975 unless

elected at the general election in 1974 for the remainder of the unexpired portion of Judge Papp's term of office. No costs will be taxed, a public question being involved.

All concurred.