## BCS LIFE INSURANCE COMPANY v COMMISSIONER OF INSURANCE

Docket No. 85843. Submitted January 22, 1986, at Lansing. Decided June 3, 1986.

The State Bar of Michigan wrote its members and their legal assistants in early 1984 endorsing a health care program administered by Blue Cross and Blue Shield of Michigan and underwritten by BCS Life Insurance Company (BCS). Included with the letter was a reply form and a benefits comparison chart, both of which referred to Blue Cross but not BCS. On May 29, 1984, the Commissioner of Insurance issued a notice of hearing to BCS in which she charged that the advertising package was misleading or deceptive because it failed to identify BCS as the underwriter of the program. Following a hearing before a hearing officer at which only the Insurance Bureau presented proofs, BCS moved for the dismissal of the petition. After hearing arguments on the motion, the hearing officer issued a written proposal for decision recommending to the commissioner that the charge against BCS be dismissed with prejudice. The hearing officer found that there was no evidence that the advertising package was misleading, as the cover letter clearly identified BCS as the program underwriter. The commissioner, after determining that she wished to base her decision on a fuller evidentiary record, remanded the case for further hearing. On March 29, 1985, BCS responded by filing a single document, entitled "Petition for Interlocutory Review and Complaint for Declaratory Judgment," in the Ingham Circuit Court. The Attorney General entered an appearance on April 4, 1985, and subsequently filed a brief in opposition to BCS's petition for interlocutory appeal. On April 30, 1985, a default judgment was entered against the commissioner by the Ingham Circuit Court Clerk for failing to answer BCS's complaint. The commissioner then moved to strike BCS's complaint, alleging that there is no legal basis for a complaint for declaratory relief from an

REFERENCES

Am Jur 2d, Courts §§ 6-15, 16.

See the annotations in the ALR3d/4th Quick Index under Administrative Law; Courts.

interlocutory administrative decision. The commissioner also moved to set aside the default judgment, alleging that no answer to a petition for review is required. At the hearing on the motion, the trial court, James T. Kallman, J., allowed the commissioner five additional days in which to file an affidavit of meritorious defense to BCS's complaint. The commissioner did not file the affidavit and no one appeared on her behalf at the rescheduled hearing. Judge Kallman then denied the commissioner's motion. The commissioner again moved to set aside the default judgment. Judge Kallman then issued a written order denying the commissioner's motion to set aside the default judgment. The commissioner appeals from that order. *Held:*

1. The circuit court's power to review is restricted by MCR 7.105(B)(2), the clear import of which is to preclude declaratory judgment actions where a petition for review proceeding is available. MCR 7.105 takes precedence over MCR 2.605(A)(2). Thus, the circuit court was without authority to render the declaratory judgment.

2. The only aspect of BCS's initial pleading which was properly before the circuit court was a petition for review. A respondent to such a petition is not obligated to file an answer, and, therefore, any default judgment entered as a result of a failure to file an answer is ab initio erroneous.

3. This case is a fit candidate for remedy under MCR 7.216(A).

4. The Court of Appeals agreed with BCS, the hearing officer, and the circuit court that, by the Insurance Bureau's own proofs, the BCS advertising package did not mislead or deceive.

5. The Court of Appeals noted that the default judgment granted in this case rendered moot BCS's petition for interlocutory review and that, if the Court of Appeals were to reverse the entry of the default judgment and remand to the circuit court, Judge Kallman would reiterate his position that the advertising package did not mislead or deceive and render judgment for BCS under the proper procedure. Therefore, the Court of Appeals amended the declaratory judgment to be a judgment pursuant to a petition for review in favor of BCS.

The trial court's declaratory judgment is amended to be a judgment pursuant to a petition for review in favor of BCS.

1. COURTS — CIRCUIT COURTS — JURISDICTION — CONSTITUTIONAL LAW.

   Circuit courts are presumed to have jurisdiction unless the matter in question is specifically excluded from the court's jurisdiction by law (Const 1963, art 6, § 13).

2. COURTS — ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES.

Courts have traditionally declined to act in contravention of administrative agencies where the parties have not exhausted their administrative remedies; an exception to this rule exists where the relief requested is purely declaratory and the facts are undisputed.

3. ADMINISTRATIVE LAW — APPEAL — DECLARATORY JUDGMENTS — PETITIONS FOR INTERLOCUTORY REVIEW — COURT RULES.

The Michigan Court Rule regarding appeals from administrative agencies in contested cases precludes a declaratory judgment action in circuit court where a petition for interlocutory review is available; such rule takes precedence over the Michigan Court Rule regarding declaratory judgments which provides that a court has jurisdiction over a declaratory action at any time that the circuit court would have had jurisdiction over the claim if the plaintiff had sought another form of relief (MCR 2.605[A][2], 7.105[B][2]).

4. JUDGMENTS — DECLARATORY JUDGMENTS — COURT RULES.

The declaratory judgment court rule is to be liberally construed and relief may be granted in the interest of justice; however, the court and the parties must adhere to applicable rules (MCR 2.605).

5. ADMINISTRATIVE LAW — APPEAL — DEFAULT JUDGMENTS.

The respondent to a petition for review is not obligated to file an answer thereto; a default judgment which is entered as a result of a failure to file an answer to a petition for review is ab initio erroneous.

6. APPEAL — COURT OF APPEALS — AMENDMENT POWERS — COURT RULES.

The Court of Appeals may, at any time, in addition to its general powers, in its discretion, and on terms it deems just: exercise any or all of the powers of amendment of the trial court or tribunal; draw inferences of fact; enter any judgment or order or grant further or different relief as the case may require (MCR 7.216[A]).

*Foster, Swift, Collins & Coey, P.C.* (by *William K. Fahey*), for BCS Life Insurance Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko,*

*Jr.,* and *Deborah K. Canja,* Assistant Attorneys General, for the Commissioner of Insurance.

Before: BRONSON, P.J., and R. B. BURNS and R. C. KAUFMAN,* JJ.

PER CURIAM. The Commissioner of Insurance appeals from Ingham Circuit Court Judge James T. Kallman's June 5, 1985, order which denied the commissioner's motion to set aside a default judgment which was entered on May 22, 1985.

This case had its genesis in early 1984 when the State Bar of Michigan wrote to its members and their legal assistants, endorsing a health care program administered by Blue Cross and Blue Shield of Michigan (BCBSM) and underwritten by BCS Life Insurance Company (BCS). The letter began:

> After careful review and consideration of numerous health care alternatives, the State Bar of Michigan has decided to only endorse health care programs administered by Blue Cross and Blue Shield of Michigan (BCBSM) and underwritten by BCS Life Insurance Company of Chicago (BCS), a wholly owned subsidiary of the national Blue Cross and Blue Shield Health Maintenance Organizations (HMOS), for our member health care program. All coverages are effective May 1, 1984.

Included with the letter was a reply form and a benefits comparison chart, both of which referred to BCBSM but not BCS.

On May 29, 1984, the commissioner issued a notice of hearing to BCS, in which she charged that the advertising package mailed to the bar members violated § 2007 of the Insurance Code, MCL 500.2007; MSA 24.12007, and 1979 AC, R

* Circuit judge, sitting on the Court of Appeals by assignment.

500.664(1). The commissioner charged that the advertising was misleading or deceptive because it failed to identify bcs as the underwriter of the program. At a September 5, 1984, hearing before Hearing Officer William A. Austin, the Insurance Bureau presented bureau employee Wayne Tanner as its only witness. Tanner testified that the advertising was misleading because it only referred to bcs in one place, while the remaining package suggested that bcbsm was the underwriter. However, Tanner acknowledged that bcs was identified as the underwriter in the advertising cover letter and that it would be usual practice for the reply envelope to be addressed to the program administrator, i.e., bcbsm. Tanner was aware that the various documents arrived at the addressees as one package.

At the close of the bureau's proofs, no evidence was presented by bcs, and bcs moved for dismissal of the petition. The motion to dismiss was formally argued before Mr. Austin on October 11, 1984. On November 27, 1984, Hearing Officer Austin issued a written proposal for decision, in which he recommended to the commissioner that the charge against bcs be dismissed with prejudice. Mr. Austin found that there was no evidence that the advertising package was misleading, as the cover letter clearly identified bcs as the program underwriter.

The commissioner, after determining that she wished to base her decision on a fuller evidentiary record, remanded the case for further hearing. On March 29, 1985, bcs responded by filing a single document, entitled "Petition for Interlocutory Review and Complaint for Declaratory Judgment," in Ingham Circuit Court. Among other things, the petition/complaint alleged that the commissioner's decision to remand the case was not supported by

competent, material, and substantial evidence on the whole record, and that, because there was no question of material fact regarding the deceptiveness of BCS's advertising, BCS was entitled to a decision in its favor as a matter of law. The petition/complaint further alleged that interlocutory review was necessary because the commissioner was improperly requiring BCS to prove its innocence and was causing unnecessary expense and delay. Finally, the petition/complaint sought a declaratory judgment that the advertising package was not deceptive or misleading as proscribed in MCL 500.2007; MSA 24.12007.

The Attorney General entered an appearance on April 4, 1985, and subsequently filed a brief in opposition to BCS's petition for interlocutory appeal. On April 30, 1985, a default judgment was entered against the commissioner by the Ingham Circuit Court Clerk for failing to answer BCS's complaint. The commissioner then moved to strike BCS's complaint, alleging that there is no legal basis for a complaint for declaratory relief from an interlocutory administrative decision, and moved to set aside the default judgment, alleging that no answer to a petition for review is required. No affidavit as required by MCR 2.603(D)(1) was filed in conjunction with the motion to set aside the default.

A hearing on the commissioner's motion was scheduled for May 17, 1985. At the hearing, Judge Kallman allowed the commissioner five additional days in which to file an affidavit of meritorious defense to BCS's complaint. The commissioner did not file the affidavit, and no one appeared on her behalf at the rescheduled May 22, 1985, hearing. Accordingly, Judge Kallman denied the commissioner's motion.

On May 24, 1985, the commissioner again moved

to set aside the default judgment. In the motion and an attached affidavit, counsel for the commissioner explained that she had "overlooked" the May 22, 1985, hearing because she had another hearing to attend the same morning. A hearing on the renewed motion was held on June 5, 1985, at which time counsel for the commissioner reiterated that she forgot about the May 22 hearing and asked the court to find her forgetfulness to be excusable neglect under MCR 2.612(C)(1)(a). The commissioner also argued that although BCS had a right to petition for interlocutory review, it could not file a complaint for declaratory relief. She argued that since no answer to a petition is required, and given that the commissioner filed a brief in response to the petition, there was no basis for defaulting the commissioner.

Judge Kallman determined that, pursuant to previous appellate court decisions, a lawyer's busy schedule is not good cause for missing a default motion date. He also indicated that he was not inclined to protect 5,000 lawyers. In a particularly astute observation—one with which we cannot help but agree—Judge Kallman stated: "I mean, if a lawyer can't read, that is his problem."[1] Judge Kallman then issued his written order denying the commissioner's motion to set aside the default, from which the commissioner now appeals.

The commissioner has attacked the circuit court's action on two bases: first, that the circuit court was without jurisdiction to render a judgment on a complaint for declaratory relief from an interlocutory decison; and, second, that the circuit court abused its discretion in denying the commis-

---

[1] We limit our agreement with this statement to the particular factual situation in this case. We realize that under some circumstances a lawyer's inability to read could also become his or her client's problem.

sioner's motion to set aside the default judgment. We first discuss the jurisdictional issue.

Circuit courts are presumed to have jurisdiction unless the matter in question is specifically excluded by law. Const 1963, art 6, § 13; *People v Loukas,* 104 Mich App 204, 207; 304 NW2d 532 (1981). The commissioner asserts that the only permissible mode of review is by petition pursuant to MCL 24.302; MSA 3.560(202). That section provides that petition for review is permissible under MCL 24.301; MSA 3.560(201), which in turn provides:

> When a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a contested case, whether such decision or order is affirmative or negative in form, *the decision or order is subject to direct review, by the courts as provided by law.* Exhaustion of administrative remedies does not require the filing of a motion or application for rehearing or reconsideration unless the agency rules require the filing before judicial review is sought. *A preliminary, procedural or intermediate agency action or ruling is not immediately reviewable, except that the court may grant leave for review of such action if review of the agency's final decision or order would not provide an adequate remedy.* [Emphasis added.]

Significantly, MCL 24.301 does not specifically state that the only allowable mode of review is by petition. Rather, review is permissible "as provided by law." Thus, MCL 24.301 does not specifically preclude a circuit court from acquiring jurisdiction in a manner other than that asserted by the commissioner.

Traditionally, courts have declined to act in contravention of administrative agencies where the parties have not exhausted their administra-

tive remedies. *Judges of the 74th Judicial District v Bay Co,* 385 Mich 710, 728; 190 NW2d 219 (1971). However, exceptions have evolved and one exists where the relief requested is purely declaratory and the facts are undisputed. *Id.*

The cases cited by the commissioner, holding that a declaratory judgment cannot be obtained when interlocutory review of an administrative decision is sought, are inapposite for several reasons. First, the cases cited construed the provisions of the now-defunct declaratory judgment statute, 1948 C L 691.501 *et seq.,* to mean that where an alternative remedy was available, declaratory action could not be obtained. The statute was superseded by GCR 1963, 521, which expressly repealed the restrictive construction by providing: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." GCR 1963, 521.3; MCR 2.605(C); *Lord v Genesee Circuit Judge,* 51 Mich App 10, 17; 214 NW2d 321 (1973). Second, the intent of the declaratory judgment rule to provide broad, flexible remedies and increase accessibility to the courts has been increasingly recognized in recent years. See *Shavers v Attorney General,* 402 Mich 554, 588; 267 NW2d 72 (1978), cert den 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979). Third, circuit court jurisdiction over declaratory actions despite the existence of alternative remedies has been further clarified by the addition of the following provision at MCR 2.605(A)(2):

> For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

However, when the declaratory judgment rule is

compared with MCR 7.105 (formerly GCR 1963, 705), a more difficult question is presented. MCR 7.105 provides in pertinent part:

(C) Form; Content; Attachment of Decision. Judicial review of an agency decision in a contested case is initiated by filing, within the time required by the applicable statute, a document entitled "Petition for Review," conforming to the following form, content, and attachment requirements.

\* \* \*

(E) Interlocutory Review. A preliminary procedural or intermediate agency action or ruling is not immediately reviewable, except that a court may grant interlocutory review of a preliminary, procedural, or intermediate decision by an agency only on a showing that review of the final decision would not be an adequate remedy.

(1) A petition for review must be filed with the court within 14 days of the contested decision.

(2) The petition must follow the form, content, and attachment requirements of subrule (C), with the following additional requirements:

(a) the petition must be entitled "Petition for Interlocutory Review";

(b) the grounds for relief must set forth why review of the agency's final decision will not be an adequate remedy;

(c) the relief sought must include a prayer that the court grant leave to the petitioner to file a petition for review.

(3) If the petition is granted by the court, the appeal thereafter proceeds under this rule in the same manner as appeals from final decisions, unless a particular provision of the rule specifically states otherwise.

(F) Answer. A respondent may file an answer to a petition for review. A court may require an answer.

And, MCR 7.105(B)(2) specifically states:

> The court need not dismiss an action incorrectly initiated under some other rule, if it is timely filed and served as required by this rule and the applicable statute. Instead, leave may be freely given, when justice requires, to amend an appeal and a response to conform to the requirements of this rule and otherwise proceed under this rule.

MCR 7.105's predecessor was GCR 1963, 705. The staff comments to GCR 1963, 705, as amended and effective on February 1, 1984, indicate that under GCR 1963, 705.2(2) [MCR 7.105(B)(2)]: "should a party initiate an action for declaratory judgment or mandamus under GCR 1963, 521 or 714, the court is not to dismiss the action [for lack of jurisdiction] but shall require the party to amend his pleading and proceed under this rule."

Thus, the clear import of MCR 7.105(B)(2) is to preclude declaratory judgment actions where the petition for review proceeding is available. Under Const 1963, art 6, § 13, the circuit court's power to review is thus restricted by Supreme Court rule.

Bcs's reliance on *Dukesherer Farms, Inc v Director of Dep't of Agriculture,* 53 Mich App 489; 220 NW2d 46 (1974), rev'd 393 Mich 758 (1974), app after remand 73 Mich App 212; 251 NW2d 278 (1977), aff'd 405 Mich 1; 273 NW2d 877 (1979), is misplaced, not because of the constitutional issue, as argued by the commissioner, but because in *Duksherer* the petition proceeding was unavailable and neither GCR 1963, 705.2(2) nor MCR 7.105(B)(2) was in existence. In *Dukesherer,* the plaintiff sought declaratory relief after its right to petition for review had lapsed due to the expiraion of the time for the filing of a petition. This Court held that in the absence of the availability of the administrative proceeding a declaratory action could be heard, but that the circuit court had not abused its discretion in refusing to enter-

tain the declaratory action. 53 Mich App 489. Our Supreme Court reversed on the sole ground that the circuit court had abused its discretion. 393 Mich 758.

Despite the specific and clear intent of MCR 7.105(B)(2), an anomaly arises when it is contrasted with MCR 2.605(A)(2), which specifically provides that a court has jurisdiction over a declaratory action at any time that the circuit court would have had jurisdiction over the claim if the plaintiff had sought another form of relief. While MCR 7.105(B)(2) is more specific, MCR 2.605(A)(2) was promulgated later in time and appears to have been in response to restrictive judicial construction of the declaratory judgment rule. While the usual rules of construction therefore appear to balance each other out, we conclude that MCR 7.105 takes precedence and was intended to preclude a declaratory action where a petition for interlocutory review is available. Support for this position is found in the note to MCR 2.605, which states that the addition of subrule (A)(2) was to indicate that jurisdiction to render a declaratory judgment is vested in a court "*only* in a case of which it otherwise would have jurisdiction." (Emphasis added.)

Accordingly, the circuit court here was without authority to render the declaratory judgment. Although the declaratory judgment rule is to be liberally construed and relief granted in the interest of justice, the court and the parties must adhere to applicable rules. *Kuhn v East Detroit,* 50 Mich App 502, 504; 213 NW2d 599 (1973), lv den 391 Mich 815 (1974). Thus, the only aspect of BCS's initial pleading which was properly before the circuit court was a petition for review. The respondent to such a petition is not obliged to file an answer, and, therefore, any default judgment en-

tered as a result of a failure to file an answer is ab initio erroneous. *Meadows v Marquette Prison Warden,* 117 Mich App 794, 801; 324 NW2d 507 (1982).

However, our analysis does not end here. In the interest of judicial economy, we find this case to be a fit candidate for remedy under MCR 7.216(A):

> The Court of Appeals may, at any time, in addition to its general powers, in its discretion, and on the terms it deems just:
>
> (1) exercise any or all of the powers of amendment of the trial court or tribunal;
>
> * * *
>
> (6) draw inferences of fact;
>
> (7) enter any judgment or order or grant further or different relief as the case may require;

Since its inception at the administrative level, the procedural aspects of this case have completely obscured its substantive realities. We agree with BCS, Hearing Officer Austin, and the circuit court that by the Insurance Bureau's own proofs the BCS advertising package did not mislead or deceive. Bcs's involvement as the underwriter of the advertised program is clearly stated in the first sentence of the advertising letter. Not one instance of confusion was presented by the bureau's single witness —an unsurprising fact, given the target market. No one involved, including the commissioner, has suggested that the commissioner expects BCS to present its own proofs to condemn itself.

The default judgment granted in this case rendered moot BCS's petition for interlocutory review. If we were to reverse the entry of the default judgment and remand the case to the circuit court, Judge Kallman would reiterate his position that the advertising package did not mislead or deceive

and render judgment for BCS under the proper procedure. Therefore we amend the declaratory judgment to be a judgment pursuant to a petition for review in favor of BCS.

Our disposition of the jurisdictional issue in this case makes the second issue moot.