HERITAGE MANOR, INC v DEPARTMENT OF SOCIAL SERVICES

Docket No. 186619. Submitted July 9, 1996, at Lansing. Decided September 6, 1996, at 9:05 A.M.

Heritage Manor, Inc., brought an action in the Ingham Circuit Court against the Department of Social Services, seeking a writ of superintending control and declaratory relief against the defendant's imposition of a fine on the plaintiff for violations of a policy bulletin issued by the defendant pursuant to a United States District Court order and the Nursing Home Reform Law, 42 USC 1396r(h)(2)(A). The plaintiff contended that the policy bulletin had not been promulgated as a rule under the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, and therefore did not comply with the requirement under 42 USC 1396r(h)(2)(A) that penalties be established by law. The court, William E. Collette, J., dismissed the action, ruling that the issues raised by the plaintiff should be resolved by the federal court. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff's action for declaratory judgment is permitted by MCR 2.605.

2. The policy bulletin is not in compliance with the requirement of the federal court order that nursing home enforcement provisions be implemented through the enactment of state statute or the promulgation of rules. The policy bulletin should have been, but was not, promulgated as a rule under the APA. The defendant may not enforce the penalty provisions of the policy bulletin.

Reversed and remanded for entry of order declaring policy bulletin unenforceable.

HEALTH — NURSING HOME REFORM LAW — CIVIL MONEY PENALTIES.

The Nursing Home Reform Law, which permits states to impose civil money penalties on nursing homes for noncompliance with the Medicaid program, requires that such penalties be established through the enactment of state statute or the promulgation of administrative rules; a policy bulletin that is not promulgated as a rule under the Administrative Procedures Act does not serve to implement such penalties (42 USC 1396r[h][2][A]; MCL 24.201 *et seq.*; MSA 3.560[101] *et seq.*).

*David Lebenbom, P.C.* (by *Andrew R. Rothman*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Richard T. O'Neill*, Assistant Attorney General, for the defendant.

Before: NEFF, P.J., and FITZGERALD and C. A. NELSON,* JJ.

NEFF, P.J. Plaintiff appeals as of right from the order dismissing its action for superintending control and declaratory relief. Plaintiff, a corporation operating a state-licensed nursing home that participates in Medicaid, sought to avoid a civil fine, asserting that the penalty was invalid because it was not supported by state legislation or a properly promulgated administrative rule. The fine was based on a bulletin that defendant published in compliance with a federal court order in another case. We reverse and remand for entry of judgment in favor of plaintiff.

I

For a proper understanding of this case, certain underlying facts must be explained. In 1987, Congress enacted the Nursing Home Reform Law as part of the Omnibus Budget Reconciliation Act of 1987, which revised the regulation of nursing homes that receive Medicaid. 42 USC 1396r(h)(2)(A).

Defendant failed to promulgate rules prescribed by the federal law, and a federal lawsuit was instituted to force it to do so. Ultimately, Federal District Court Judge Benjamin Gibson determined that the defendant was not diligently attempting to comply with the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

federal law and ordered it to propose a schedule demonstrating when full compliance would occur. He further ordered the implementation of the sanctions required by the federal law, directing a binding time line in initiating and implementing the required changes. In paragraph four of the order the following time line is provided:

> a. Not later than March 15, 1994, [the state defendants] shall disseminate to affected providers and client groups a Notice of Proposed Policy accompanied by a draft policy bulletin which incorporates the state defendants' intended procedures for implementing the sanctions required by [the federal law].

> *     *     *

> c. [The state defendants] shall issue a final policy bulletin providing for the sanctions required by [the federal law] not later than June 1, 1994.
> d. The effective date of the policy shall be not later than July 1, 1994.

The final paragraph of the order provides:

> 6. At such time as the United States Department of Health and Human Services publishes final regulations pertaining to nursing home enforcement, the state defendants shall pursue the implementation of nursing home enforcement provisions through enactment of state statute or through the promulgation of rules.

Pursuant to the federal court order, defendant promulgated the policy. On July 1, 1994, after the policy became effective, defendant examined plaintiff's nursing home, found violations and imposed a $10,800 fine. Plaintiff initially appealed pursuant to the appeals process in the bulletin issued by defendant, but ultimately ceased that process, claiming that

defendant had no jurisdiction to hear the appeal because the bulletin was not properly promulgated. Plaintiff then filed this action in the circuit court for superintending control and for a judgment declaring the bulletin illegal and the penalties contained therein unenforceable. The circuit court ultimately dismissed plaintiff's complaint, holding that defendant was not required to follow state law in promulgating the enforcement rules in question because Judge Gibson's order excused them from that duty, and if the order did not so excuse them, the exact intent of the order was a question that should have been appealed in the federal court action. It is from this order that plaintiff appeals as of right.

II

We first examine whether this case is properly before us. We conclude that it is. Contrary to defendant's argument, a declaratory action in the circuit court was permissible pursuant to MCR 2.605. See, e.g., *BCS Life Ins Co v Comm'r of Ins*, 152 Mich App 360, 367-368; 393 NW2d 636 (1986).

III

We find that the trial court erred in its ruling. We conclude that Judge Gibson's order provides that once defendant issues a formal policy, and after the Department of Health and Human Services publishes final regulations, defendant is to "pursue the implementation of nursing home enforcement provisions *through enactment of state statute or through the promulgation of rules.*" (Emphasis added.) Such a holding is in keeping with the federal law that requires such penalties to be established "by law

(whether statute or regulation)." 42 USC 1396r(h)
(2)(A).

Accordingly, we agree with plaintiff that this case
does not attack the validity of Judge Gibson's order.
Rather, the question presented is whether, under state
law—specifically the procedure for promulgating
rules under the Administrative Procedures Act (APA),
MCL 24.231-24.264; MSA 3.560(131)-3.560(164)—
defendant properly enforced the policy bulletin.

Defendant does not argue that the policy bulletin
was properly promulgated under the APA; it was not.[1]
Accordingly, we conclude that defendant is precluded
from enforcing the penalty provisions found in the
policy bulletin.[2] *Detroit Base Coalition for the
Human Rights of the Handicapped v Dep't of Social
Services*, 431 Mich 172, 183; 428 NW2d 335 (1988).
Although plaintiff also claims the policy bulletin vio-
lates MCL 400.10; MSA 16.410 and MCL 400.111a;
MSA 16.490(21a), we need not decide that issue
because we conclude plaintiff is correct with regard
to its argument under the APA.

The trial court's order dismissing plaintiff's com-
plaint is reversed. This matter is remanded for entry
of a judgment declaring the policy bulletin unenforce-
able. We do not retain jurisdiction.

---

[1] That the bulletin constitutes a "rule" that must be promulgated under
the APA is not in question. The bulletin sets forth policies and procedures
that directly affect the care plaintiff is statutorily mandated to provide.
See *AFSCME v Dep't of Mental Health*, 452 Mich 1, 8-9; 550 NW2d 190
(1996).

[2] Defendant did not even have to follow the lengthy notice procedure of
the APA. It could have determined that emergency rules were necessary
and, with the Governor's concurrence, enforced the rules as such. See
MCL 24.248; MSA 3.560(148). This, however, defendant did not do.