WHITE v BUSUITO

Docket No. 197081. Submitted February 4, 1998, at Detroit. Decided May 26, 1998, at 9:00 A.M. Leave to appeal sought.

Carol J. White brought an action in the Wayne Circuit Court against Michael J. Busuito, alleging medical malpractice. On motions by the plaintiff, the court, Carole F. Youngblood, J., entered a default and a default judgment after the defendant did not file an answer to the complaint. The court thereafter denied a motion by the defendant to set aside the default and the default judgment, rejecting the defendant's contention that he did not have to file an answer because the plaintiff failed to file either security for costs or an affidavit of meritorious claim. The defendant appealed.

The Court of Appeals *held*:

MCL 600.2912d; MSA 27A.2912(4) and MCR 2.109(B), at the time this action was brought, required a medical malpractice plaintiff to file either security for costs or an affidavit of meritorious claim with the complaint. MCL 600.219e(1); MSA 27A.2912(5)(1) and MCR 2.108(A)(6), at the time this action was brought, required a medical malpractice defendant to file an answer to the complaint within twenty-one days of being served with a notice of filing of security for costs or an affidavit of meritorious claim. Accordingly, a plaintiff's filing of security for costs or an affidavit of meritorious claim was an absolute prerequisite to a defendant's obligation to answer or otherwise defend the action, and the twenty-one-day period for answering began with the filing of security for costs or an affidavit of meritorious claim.

In this case, no answer to the plaintiff's complaint was due in the absence of a filing by the plaintiff of security for costs or an affidavit of meritorious claim, and the default and the default judgment should not have been entered.

Default and default judgment vacated; case remanded for further proceedings.

NEGLIGENCE — MEDICAL MALPRACTICE ACTIONS — SECURITY FOR COSTS — AFFIDAVITS OF MERITORIOUS CLAIM.

A defendant in a medical malpractice action brought when a statute and a court rule required the plaintiff to file either security for costs or an affidavit of meritorious claim with the complaint was

obligated to file an answer within twenty-one days of being served notice of the filing of security or an affidavit; in the absence of a filing of security or an affidavit, the defendant was not obligated to answer and a default or default judgment could not be entered on the basis of a failure to answer (MCL 600.2912d, 600.2912e[1]; MSA 27A.2912[4], 27A.2912[5][1]; MCR 2.108[A][6], 2.109[B]).

*Law Offices of Alan H. Broad, P.C.* (by *Alan H. Broad*), for the plaintiff.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Brian J. Doren*), for the defendant.

Before: CAVANAGH, P.J., and WHITE and YOUNG, JR., JJ.

YOUNG, JR., J. The trial court entered a default judgment in favor of plaintiff in the amount of $750,000 after defendant failed to respond to plaintiff's complaint alleging medical malpractice. The court also denied defendant's motion to set aside the default and resulting default judgment. Defendant now appeals as of right. While defendant asserts several alternative bases for reversal, we find one to be dispositive. We conclude that, because plaintiff failed to file either security for costs or an affidavit of meritorious claim as required by MCL 600.2912d; MSA 27A.2912(4), defendant had no obligation to answer plaintiff's complaint. We therefore vacate the default and default judgment entered against defendant and remand for further proceedings.

### I. PROCEDURAL BACKGROUND

Plaintiff filed a spare one-page, four-paragraph, medical malpractice complaint against defendant on March 30, 1994. In her complaint, plaintiff alleged that defendant "provided medical treatment" to her which "failed to comply with the requisite standards of medical practice applicable to defendant," and that plain-

tiff "suffered damages as a proximate result of [defendant's] breach of the standards of medical care." Plaintiff failed to serve defendant in a timely fashion, so she obtained an order on June 30, 1994, authorizing the issuance of a second summons expiring on March 29, 1995.[1] Although subsequently repudiated under oath by the process server, the return of service indicated that defendant was personally served at his home on March 24, 1995, by Leland C. Spencer.[2] A default was entered against defendant on May 12, 1995, for his failure to answer or otherwise defend the action. On May 15, 1995, plaintiff filed a

---

[1] Defendant asserts that the first summons had already expired and that plaintiff's cause of action was therefore dismissed by operation of MCR 2.102(E). Defendant argues in the alternative that the issuance of the second summons was improper because plaintiff failed to show good cause as required by MCR 2.102(D). The trial court ruled that the original summons was properly extended. In light of our conclusion that the default and resulting default judgment were void because defendant had no obligation to answer plaintiff's complaint, we do not reach or address these issues.

[2] Defendant disputes that he was ever served with plaintiff's complaint. Two hearings, on November 30, 1995, and December 6, 1995, were eventually conducted on this issue. Defendant testified that a process server came to his house on March 24, 1995, and spoke with defendant's wife, but that defendant did not come to the door because he was ill. Defendant further testified that the process server did not leave any papers. Spencer, the process server, testified that, to the best of his recollection, he did not leave the complaint with either defendant or his wife, which corroborates defendant's testimony. Spencer did testify that the notarized signature on the proof of service appeared to be his and that he would not have signed the proof of service it if it was not accurate and complete. However, Spencer also testified that he could not have signed the proof of service on April 3, 1995, the date it was notarized, because he was conducting other business that day. Moreover, the invoice sent to plaintiff's counsel was for an "attempted service" only. Notwithstanding, the trial court found by a "preponderance of the evidence" that defendant was in fact served. Again, in light of our decision to vacate the default and resulting default judgment on other grounds, we need not reach or address defendant's claim that the default judgment should have been set aside because of the obvious inconsistencies between the return of service and the testimony presented at the hearings.

motion for the entry of a default judgment in the amount of $750,000. Defendant failed to respond either to the notice that default had been entered or to the motion for default judgment.[3]

A hearing regarding plaintiff's request for a default judgment was held on June 2, 1995. Plaintiff testified at the hearing that she sought treatment from defendant, a plastic surgeon, for the following reasons:

> I was in a car accident. I have a herniated disc in my neck and my lower back. I had loss [sic] a considerable amount of weight. When I came off the steroids, I had a huge flap in front of me. I couldn't walk, big breasts. They wanted to do a breast reduction and abdominoplasty which was to remove the flap.

Plaintiff testified that defendant told her that the proposed surgery would remove sixty pounds of her abdominal and breast tissue, improve her capacity to perform the tasks of life, and that she would only have to spend one or two weeks in the hospital. Plaintiff testified that defendant removed the stitches within a week of her surgery despite plaintiff's concern that it was too soon to remove them, and that, as a result, her abdominal wound opened and became infected. Despite the fact that several subsequent surgeries were performed in an attempt to close the wound, as of the date of the hearing, plaintiff still required intravenous medication to fight infections and had calcified tumors on her hips as a result of prolonged bed rest.

Following plaintiff's testimony, the trial court ruled:

---

[3] Defendant claimed that he was unaware of the lawsuit until June 3, 1995, when he opened his mail and saw the motion for entry of default judgment.

I find that the injuries sustained by Ms. White are extraordinary and have changed her entire life and probably will for the remaining time that she lives. I think the sum of seven hundred and fifty thousand dollars is reasonable compensation for her pain and suffering. I will grant the [default] judgment.

Consequently, a $750,000 default judgment against defendant was entered on June 2, 1995. On July 16, 1996, the trial court denied defendant's request to set aside the default and resulting default judgment.

## II. ANALYSIS

On appeal, defendant argues that the entry of a default and default judgment was improper because plaintiff's failure to file either security for costs or an affidavit of meritorious claim as required by MCL 600.2912d; MSA 27A.2912(4) relieved defendant of his obligation under MCL 600.2912e(1); MSA 27A.2912(5)(1) to serve and file an answer to plaintiff's complaint. We agree.[4] This Court construes statutory provisions according to their plain terms. *Grand Traverse Co v Michigan*, 450 Mich 457, 464; 538 NW2d 1 (1995). If the meaning of a statute is clear and unambiguous, there is no room for judicial construction or interpretation. *Coleman v Gurwin*, 443 Mich 59, 65; 503 NW2d 435 (1993).

The statutory provision in effect at the time plaintiff's complaint was filed required all medical mal-

---

[4] We note that although the trial court denied defendant's request for relief from the default judgment on this ground, the court failed to explain the basis for its decision. We also note plaintiff's argument that defendant waived this issue by failing to respond in a timely fashion to the motion for entry of default judgment. However, MCR 2.111(E), which plaintiff cites for this proposition, is inapposite, and plaintiff provides no other authority in support of her argument. Therefore, we decline to address it. *Winiemko v Valenti*, 203 Mich App 411, 419; 513 NW2d 181 (1994).

practice plaintiffs to file either security for costs or an affidavit of meritorious claim with their complaints. MCL 600.2912d; MSA 27A.2912(4); see also MCR 2.109(B). Even more important to our resolution of the instant appeal, however, is MCL 600.2912e(1); MSA 27A.2912(5)(1), which provided that, "[i]n an action alleging malpractice, within 21 days after the plaintiff has furnished security or filed an affidavit in compliance with section 2912d, the defendant shall file an answer." Likewise, MCR 2.108(A)(6) provides:

> In an action alleging medical malpractice filed on or after October 1, 1986, unless the defendant has responded as provided in subrule (A)(1) or (2), the defendant must serve and file an answer within 21 days after being served with the notice of filing the security for costs or the affidavit in lieu of such security required by MCL 600.2912d; MSA 27a.2912(4).[5]

Giving the language contained in both §2912e(1) and MCR 2.108(A)(6) its plain and ordinary meaning, we conclude that a plaintiff's filing of security for costs or an affidavit of meritorious claim is an absolute prerequisite to the defendant's obligation to answer or otherwise defend the action.

Here, it is undisputed that plaintiff never filed security for costs or an affidavit of merit as required by MCL 600.2912d; MSA 27A.2912(4).[6] Defendant cor-

---

[5] MCL 600.2912d-e; MSA 27A.2912(4)-(5) were amended by 1993 PA 78. MCL 600.2912d; MSA 27A.2912(4), as amended, removed the requirement that plaintiffs in medical malpractice actions file security for costs. It still requires that an affidavit of merit be filed. We also note that MCR 2.109(B) and 2.108(A)(6) have not yet been amended to reflect the changes in the amended statutes.

[6] Defendant has consistently maintained that plaintiff never filed or served security for costs or an affidavit of merit—an assertion that plaintiff has never contested during the life of this case. However, almost three

rectly argued to the trial court that the default and resulting default judgment should not have been entered because his answer was not yet due. The relevant twenty-one-day period for filing defendant's answer never began to run because neither security for costs nor an affidavit of merit was ever filed. Consequently, the May 15, 1995, default and June 2, 1995, default judgment entered as a result of defendant's failure to answer were void ab initio and must be vacated. See *BCS Life Ins Co v Comm'r of Ins*, 152 Mich App 360, 371-372; 393 NW2d 636 (1986).

As noted previously, defendant raises various other issues as alternative grounds for reversing the trial court's decision, including arguments that plaintiff's complaint fails to state a valid claim for relief and that the $750,000 award for pain and suffering was not based on record evidence and violated MCL 600.1483; MSA 27A.1483. However, our disposition

---

months after oral arguments before this Court, plaintiff submitted a motion entitled "Motion to Recognize Additional Fact in the Lower Court Record" to which was appended an alleged bond for security dated June 29, 1994, in the amount of $2,000. It purports to bear the June 30, 1994, time stamp of the Wayne County Clerk. Presumably plaintiff filed this motion and the bond in an attempt to establish that she complied with MCL 600.2912d; MSA 27A.2912(4) and MCR 2.109(B).

We note that the June 1994 bond belatedly submitted by plaintiff is not recorded in the docket entries of the lower court nor does the bond appear in the lower court record. We therefore regard plaintiff's motion as an improper attempt to enlarge the record on appeal. *Trail Clinic, PC v Bloch*, 114 Mich App 700, 713; 319 NW2d 638 (1982); see MCR 7.210. Moreover, even if the alleged bond had properly been made a part of the record, that fact would not alter our decision. Both the court rule and the statute require that a bond be filed *and served*. In her latest motion, not even plaintiff suggests that the reputed June 1994 bond was served on defendant.

renders it unnecessary to reach or address those issues.[7]

Vacated and remanded for further proceedings. We do not retain jurisdiction.

---

[7] We do question in passing whether plaintiff's complaint, which contains only vague and conclusory allegations of negligence, violates MCR 2.111(B)(1). The facts necessary to constitute a cause of action must be alleged with "reasonable definiteness and certainty." *Simonelli v Cassidy*, 336 Mich 635, 644; 59 NW2d 28 (1953). *Simonelli* was recently reaffirmed in *Dacon v Transue*, 441 Mich 315, 332-333; 490 NW2d 369 (1992) ("Because *Simonelli* hinged on the importance of fair notice to the defendant and not some procedural quirk of 1950's civil practice, its lesson is neither obsolete nor anachronistic and is one we will continue to follow.") Here, plaintiff's complaint fails even to identify the "medical treatment" defendant performed, let alone delineate anything specific about how defendant "failed to comply with the requisite standards of medical practice" in performing that treatment. See also 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 186, and 1997 pocket part, pp 53-54. While the deficiencies in plaintiff's complaint did not relieve defendant of his obligation to file an answer had one become due, we note that manifest injustice requiring a default judgment to be set aside occurs where the plaintiff failed to state a claim upon which relief can be granted. *Lindsley v Burke*, 189 Mich App 700, 702-703; 474 NW2d 158 (1991).