**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED FEBRUARY 6, 2007

KIM SAFFIAN,

        Plaintiff-Appellee,

v

No. 129263

ROBERT R. SIMMONS, D.D.S.,

        Defendant-Appellant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

The first question presented in this dental malpractice case is whether defendant, who chose not to respond to a summons and complaint because he believed it was accompanied by a technically deficient affidavit of merit under MCL 600.2912d(1), could be defaulted. The second question is, if the default was properly entered, did the trial court abuse its discretion under MCR 2.603(D)(1) in not setting it aside. The trial court and the Court of Appeals concluded that defendant was required to answer or otherwise timely respond to the complaint, notwithstanding the allegedly defective affidavit of merit and, thus, defendant had been properly defaulted. The Court of Appeals also concluded that the trial court

did not abuse its discretion in refusing to set aside the default. We affirm the judgment of the Court of Appeals.

## I. Facts and Procedural History

The Court of Appeals summarized the underlying facts as follows:

On August 28, 2001, plaintiff filed suit alleging that defendant committed malpractice in performing a root canal. The complaint was accompanied by an affidavit of merit signed by Mark Nearing, D.D.S., whose dental practice is limited to root canals. Defendant failed to timely answer the complaint, and on October 4, 2001, plaintiff filed a default.

On December 10, 2001, defendant moved to set aside the default on the ground that defendant's employee faxed the summons and complaint to defendant's insurance carrier, but that the fax was not received, and therefore the carrier did not forward the complaint to its counsel for response. Further, plaintiff was not prejudiced, and defendant's affidavit established a meritorious defense based on the facts. At a hearing on the motion, defense counsel argued that the default should be set aside because policy favored setting aside defaults in favor of a fair, reasonable hearing on the merits and this case involved completely innocent circumstances of a failed communication. The trial court granted defendant's motion to set aside the default.

On January 4, 2002, defendant filed an answer to the lawsuit. On March 20, 2002, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the statute of limitations was not tolled by the filing of the complaint because the affidavit of merit did not meet the statutory requirements. While that motion was pending, plaintiff moved for discovery sanctions or reinstatement of the default. The trial court denied defendant's motion for summary disposition, but granted plaintiff's motion to reinstate the default. The trial court concluded that the motion to set aside the default had been improvidently granted and that plaintiff's affidavit of merit, while technically deficient, was sufficient to commence the complaint.

In its opinion and order, the court noted that it earlier set aside the default on the basis of defendant's representations that the fax of

2

the summons and complaint was not received by defendant's insurance carrier and the failure to try this case on the merits would result in manifest injustice to defendant. However, the court observed that, following discovery, defendant's phone records called into question defendant's representation that the summons and the complaint were faxed to the insurance carrier as indicated. Further, the court was misled concerning setting aside the default because defendant now sought dismissal of the case on the ground that the affidavit of merit was signed by an expert in the field of endodontics rather than general dentistry. The court concluded that, unlike *White v Busuito,* 230 Mich App 71; 583 NW2d 499 (1998), in which the plaintiff filed no affidavit of merit with the complaint and, therefore, failed to commence a suit, here the affidavit was filed. Consequently, defendant was not relieved of his obligation to answer or otherwise defend the action and the default was not void *ab initio.* The court denied defendant's motion for reconsideration. [*Saffian* v *Simmons*, 267 Mich App 297, 299-301; 704 NW2d 722 (2005).]

The Court of Appeals affirmed in its published opinion. All three judges rejected defendant's argument that he could not be defaulted because he was never obligated to answer the complaint. The majority held that the trial court did not abuse its discretion "in failing to set aside the default." *Id.* at 307. Defendant applied for leave to appeal. We ordered oral argument on whether to grant defendant's application or take other peremptory action. 475 Mich 861 (2006).

## II. Standard of Review

This Court reviews de novo the grant or denial of a motion for summary disposition. *Kreiner v Fischer,* 471 Mich 109, 129; 683 NW2d 611 (2004). This Court also reviews de novo questions of statutory interpretation. *Ayar v Foodland Distributors,* 472 Mich 713, 715; 698 NW2d 875 (2005). "'The primary goal of statutory interpretation is to give effect to the intent of the Legislature.'" *Title Office, Inc v Van Buren Co Treasurer,* 469 Mich 516, 519; 676 NW2d 207 (2004)

3

(citation omitted). In so doing, we examine the language of the statute itself. "If the statute is unambiguous it must be enforced as written." *Id.* Review of a trial court's decision on a motion to set aside a default or a default judgment is for a clear abuse of discretion. *Zaiter v Riverfront Complex, Ltd*, 463 Mich 544, 552; 620 NW2d 646 (2001). The determination that a trial court abused its discretion "'involves far more than a difference in judicial opinion.'" *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 761-762; 685 NW2d 391 (2004) (citation omitted). Rather, an abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

## III. Analysis

"A civil action for malpractice may be maintained against any person professing or holding himself out to be a member of a state licensed profession." MCL 600.2912(1). MCL 600.2912e(1) provides that a defendant in a medical malpractice action "shall" answer the complaint within 21 days after the plaintiff has filed "an affidavit in compliance with section 2912d." Similarly, MCR 2.108(A)(6) states that a defendant must answer within 21 days after being served with the affidavit "required by MCL 600.2912d."

Importantly, nothing in either MCL 600.2912e(1) or MCR 2.108(A)(6) authorizes a defendant to determine unilaterally whether the plaintiff's affidavit of merit satisfies the requirements of MCL 600.2912d. As the Court of Appeals

4

majority pointed out in ruling for plaintiff, when an affidavit is filed, it is presumed valid. It is only in subsequent judicial proceedings that the presumption can be rebutted. As is evident, no such presumption arises when no affidavit is filed.

Judge Zahra in his partial concurrence, in discussing the statute and the court rule, also pointed out that these provisions "merely identify the type of affidavit that, if filed with the complaint, brings about a defendant's obligation to answer or otherwise file a responsive pleading to the complaint." *Saffian, supra* at 312 (Zahra, P.J., concurring in part and dissenting in part). He continued by reinforcing the majority's point that it is the court's province to determine the sufficiency of pleadings, not a defendant's.

In response to these arguments, defendant counters that *Scarsella v Pollak*, 461 Mich 547, 550; 607 NW2d 711 (2000), can only be interpreted to provide that, when the affidavit of merit is technically deficient, the action is never "commenced" and, thus, no duty to answer the complaint arises. Accordingly, he concludes that any default entered in that circumstance is void *ab initio*.

We believe that defendant misunderstands *Scarsella.* In *Scarsella, supra* at 550, we concluded that a medical malpractice complaint not accompanied by an affidavit of merit does not "commence" a medical malpractice cause of action and thus the defendant need not file an answer to preclude a default. *Scarsella* did not

address the problem of a defective affidavit of merit. In that situation, as the Court of Appeals pointed out, the defendant must file an answer to preclude the entry of a default.[1]

Further, this more orderly process of honoring the presumption of the validity of pleadings, requiring an answer, and then allowing the defendant to challenge the affidavit reduces the chaotic uncertainty that allowing the defendant to decline to answer would introduce. Finally, this rule advances the efficient administration of justice because to allow defendants to nitpick plaintiffs' affidavits and, upon discovering an imperfection, to decline to answer surely leads, as it did here, to challenged default judgments and the hearings those entail. On the other hand, no such hearings are necessitated if the procedure is to require an answer and then a motion by the defendant to challenge the affidavit. This approach will conserve judicial resources and is advisable for that reason.

Having determined that defendant could not be relieved of his duty to respond to plaintiff's complaint, we now address whether defendant's default should have been set aside. MCR 2.603(D)(1) establishes that, to set aside a default, a defendant must demonstrate both good cause, i.e., a reasonable excuse

---

[1] Further, defendant's reliance on *White, supra,* is also misplaced. In *White,* the Court of Appeals held that where the plaintiff failed to file any affidavit of merit, the defendant had no obligation to respond. *White* then is harmonious with *Scarsella* and our holding in this case.

6

for the failure to answer, and a meritorious defense. *Alken-Ziegler, Inc v Waterbury Headers Corp,* 461 Mich 219, 229; 600 NW2d 638 (1999).

In his motion to set aside the default, defendant claimed that his employee's unsuccessful attempt to fax a copy of the complaint to his insurer constituted good cause. The trial court initially accepted defendant's claim as good cause for his failure to answer the complaint. Later factual development caused the trial court to reconsider this determination. Essentially, the trial court ruled that, if it had known at the time of defendant's motion to set aside the default that no long-distance telephone calls were made from defendant's office on the date the fax was allegedly sent, it never would have accepted defendant's excuse as good cause for failing to answer the complaint.

Defendant argues, following the reasoning of Judge Zahra's partial dissent, that a remand to the trial court is necessary because the trial court never held an evidentiary hearing regarding whether defendant fabricated his excuse for failing to answer the complaint. Although defaults are not favored, neither is setting aside defaults. *Alken-Ziegler, supra* at 229. As the defaulting party, the burden of demonstrating good cause and a meritorious defense to set aside the default fell on defendant. MCR 2.603(D)(1). Defendant, however, presented no evidence whatsoever supporting his version of the events. Defendant's employee, who allegedly faxed the complaint to defendant's insurer, offered no explanation for the lack of a long-distance telephone call on defendant's phone records for the

relevant date. Neither defendant nor his employee did anything to follow up on the allegedly attempted fax, such as calling the insurer to confirm that the documents had been received and that an answer would be filed.

Although Judge Zahra listed several possible explanations, other than fraud or fabrication, for the lack of a record of a long-distance telephone call made from defendant's business on the day the fax was allegedly sent, defendant never made any such argument to the trial court. When presented with plaintiff's evidence, defendant simply gave no explanation. Because defendant failed to offer any evidence or explanation to rebut the reasonable inference that no fax was sent on the day in question, the trial court was not required to hold an evidentiary hearing to determine whether defendant defrauded the court. Rather, in ruling on defendant's motion to set aside the default, and on plaintiff's motion for reconsideration, the trial court had discretion to determine whether defendant's excuse for failing to timely answer the complaint was reasonable. In light of defendant's failure to present any explanation for the lack of a telephone record of the alleged fax, the trial court's determination that defendant's excuse was not reasonable fell within the range of principled outcomes. We therefore cannot say that the trial court abused its discretion in reinstating the default against defendant.

## IV. Conclusion

We hold that, where an affidavit of merit is filed with a medical malpractice complaint, a defendant must timely answer or otherwise file some responsive pleading to the complaint, or else be subject to a default. A defendant's unilateral

belief that the affidavit of merit does not conform to the requirements of MCL 600.2912d does not constitute "good cause" for failing to respond timely to a medical malpractice complaint, and thus is not a proper basis to challenge the entry of a default.

In the present case, defendant claimed that some technical or mechanical error with his fax machine established good cause for his failure to respond timely to plaintiff's complaint. Defendant, however, presented no evidence to support this claim. After further discovery, plaintiff proffered evidence to contradict defendant's excuse, but defendant offered no contrary explanation. We hold that the trial court did not abuse its discretion by reinstating the default against defendant, and an evidentiary hearing on the issue of fraud or fabrication was not required. Accordingly, we affirm the judgment of the Court of Appeals upholding the entry of the default judgment against defendant.

Affirmed.

> Clifford W. Taylor
> Michael F. Cavanagh
> Maura D. Corrigan
> Robert P. Young, Jr.
> Stephen J. Markman

Kelly, J. I concur in the result only.

> Marilyn Kelly

Weaver, J. I would grant leave to appeal.

> Elizabeth A. Weaver