# STATE OF MICHIGAN

# COURT OF APPEALS

WESLEY A. GOSSETT,

        Plaintiff/Counter-
        Defendant/Appellee,

UNPUBLISHED
October 20, 2015

v

No. 320373
Arenac Circuit Court
LC No. 13-012196-DM

LORI SIMONS GOSSETT,

        Defendant/Counter-
        Plaintiff/Appellant.

AFTER REMAND

Before: GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

This case is before us following a remand to the trial court for further consideration of defendant's request for attorney fees, spousal support, and health insurance. After review of the trial court's findings, we now affirm.

In our prior opinion, *Gossett v Gossett*, unpublished opinion per curiam of the Court of Appeals, issued August 4, 2015 (Docket No. 320373), we directed the trial court to consider defendant's request that plaintiff pay her attorney fees, as the trial court made no specific findings of fact regarding defendant's ability to pay attorney fees thereby rendering it impossible for this Court to determine whether the trial court's ruling that each party be responsible for the payment of his and her own attorney fees was an abuse of discretion. On remand, the trial court indicated that based upon the evidence at trial, it was not persuaded that defendant did not have an ability to work. The trial court acknowledged that defendant's ability to become employed may be affected by her criminal history, but indicated that her incarceration was brought on by her own behavior. The trial court observed that defendant was intelligent, capable, and thoughtful in terms of ability to maintain thought and concentration and was physically able bodied. It acknowledged defendant's history as a substance abuser and indicated that defendant's testimony suggested she was capable of addressing her issues. The trial court noted that defendant would have to devote herself, full time, to obtaining a full time job until she found one, and that the fact that she received high marks in her prior employment suggested she was capable of obtaining employment. Until then, the trial court determined that defendant had minimal expenses in comparison to plaintiff's and that both parties likely had a reasonable

-1-

amount of attorney fees, but both had and have the ability to pay their own. Ultimately, the trial court ordered plaintiff to pay $500 toward defendant's attorney fees within 45 days. Based on the record, we find this determination to be within the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

In our prior opinion, we further found that the trial court's award of $450 per month in spousal support for a period of three years was outside the range of reasonable and principled outcomes and, on remand, directed the trial court to "give proper consideration to defendant's work history, her needs and abilities, the parties' relative positions, and any other factor that will enable it to reach a result that is just and reasonable under the specific circumstances before it." *Gossett, supra*, slip op. at page 4. We also precluded the trial court from considering the award of $30,000 equity in the home to defendant as a factor in any spousal support award and to ensure that the divorce judgment reflect that any spousal support award is modifiable.

At the remand hearing, the trial court appropriately addressed all relevant factors in determining a proper spousal support award. The trial court made specific factual findings regarding the factors set forth in *Myland v Myland*, 290 Mich App 691, 695; 804 NW2d 124 (2010), in determining that a spousal support award in the amount of $525.00 per month for a period of three years was warranted. The trial court did not abuse its discretion in formulating this spousal support award. *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012).

Finally, we directed the trial court to consider "on the record, defendant's health care costs and needs and her ability to pay the same in determining whether an award of health insurance would be just and reasonable under the circumstances." *Gossett, supra*, slip op at page 5. The trial court stated that it heard defendant's claim that to obtain insurance comparable to that which plaintiff had through his employment would cost her approximately $400.00 per month. The trial court indicated that the cost of health insurance required an assessment of defendant's ability to obtain full time employment, which it had considered in determining her ability to pay her own attorney fees and the appropriate spousal support award. The trial court found that defendant's ability to obtain full time employment, combined with the spousal support she would be receiving enabled her to pay the majority share of her health care costs and that once her employment situation improved, she would be in an even better position to attend to her own health care costs. The trial court did, however, order plaintiff to pay $50.00 per month for a two-year period toward defendant's health care costs. We find that decision to be just and reasonable under the circumstances.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto