# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH ROMANCHUCK JR,

        Plaintiff-Appellee/Cross-Appellant,

v

FORD MOTOR COMPANY,

        Defendant-Appellant/Cross-
        Appellee

and

ALBION MOTORS FORD MERCURY INC.

        Defendant.

UNPUBLISHED
February 4, 2016

No. 324088
Calhoun Circuit Court
LC No. 2012-001042-NZ

Before: SHAPIRO, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

        Defendant Ford Motor Company appeals by delayed leave granted[1] the trial court's order entering a default judgment against it due to defense counsel's failure to appear on the day scheduled for trial. For the reasons stated in this opinion, we vacate the judgment and remand for further proceedings

        In October 2010, plaintiff purchased a new 2011 Ford Edge from Albion Motors Ford Mercury, Incorporated.[2] Plaintiff brought the vehicle to Albion Motors for repairs on several occasions between March 9, 2011 and February 12, 2013. He asserted that the vehicle's "My Ford Touch" system would "blank" out and that when it did "nothing" would work and that "everything becomes dead." In particular, he testified at his deposition that the vehicle would stall on occasion, leaving him stranded on the side of the road. He also testified that on different

---

[1] *Romanchuck v Ford Motor Co*, unpublished order of the Court of Appeals, entered April 10, 2015 (Docket No. 324088).

[2] Albion Motors was dismissed without prejudice by stipulation and is not a party to this appeal; all references to defendant are to Ford Motor Company.

-1-

occasions, the vehicle would continue running even after he removed his key from the ignition. When the problem was not resolved, plaintiff brought suit on April 2, 2012, alleging breach of contract and warranty in addition to violation of the Michigan New Motor Vehicle Warranties Act (Lemon Law), MCL 257.1401 *et seq.*, the Motor Vehicle Service and Repair Act, MCL 257.1301 *et seq.*, and the Michigan Consumer Protection Act, MCL 445.901 *et seq.*

On January 23, 2013 and May 3, 2013, the trial court sent the parties notice that trial was scheduled for June 4, 2013 at 8:30 a.m. The May 3, 2013 notice included a letter from the court indicating that there were two cases scheduled for the June 4, 2013 trial date, and that the other case was older and so would proceed first. In his affidavit filed below, defense counsel averred that on May 31, 2013, counsel for the parties had a conference call with the court's secretary, "who indicated that it was unlikely that the trial would commence on June 4, 2013, that there was an older case that had still not yet settled, and that the Judge would hold a conference call on June 3, 2013 to discuss the status of the case with both counsel since, even if the case were to proceed, the Judge would be out of town on June 5, 6 and 7 and that the Judge would need to postpone the trial for personal reasons."

Defense counsel averred that before the June 3, 2013 status conference, while he was at the courthouse to file some trial documents, the "Court staff indicated that the older case was still scheduled to proceed on June 4, 2013, and that the Judge would explain what was going on with the June 4, 2013 trial date on the conference call." Subsequently, he averred that during the status conference:

> The Court indicated that the older case had not settled . . . . The Court also indicated that the Judge was going out of town for June 5, 6 and 7, and that the case would proceed "*sometime after that.*" I told the Court that I had a trial scheduled to start in California on June 24th, and the Court indicated it would *try to get to the case* prior to that date and gave no indication as to how counsel would be notified of the new date or when it would be. [emphasis added.]

Plaintiff does not dispute this version of events, but adds on appeal that the court indicated the parties would be advised of the new date by phone and on short notice.

On June 10, 2013, the trial court's secretary attempted to call the parties to inform them that trial was scheduled for the next morning, June 11, 2013, at 8:30 a.m. Messages were left on respective counsels' voicemails. According to defense counsel, the following message was left on his work voicemail at 2:21 p.m. on June 10, 2013:

> Hi, this is . . . Judge Kingsley's office, calling on the Romanchuck v Ford Motor Credit [sic], um, trial that's scheduled. We, um, are calling on the attorneys to, well, originally I guess there's some confusion as to which, um, date we were calling this case in. Um, Judge wants the attorneys here tomorrow, which is Tuesday, June 11th at 8:30 to start, we're going to do jury selection at 8:30 Tuesday, and then Wednesday we will begin proofs on this case. If you have any questions you can call me back[.]

Defense counsel averred that he "did not receive the message and had never been informed by the Court of its unusual practice of calling parties into trial on 2 ½ [business] hours' notice via voicemail."

It is undisputed that plaintiff and plaintiff's counsel appeared for trial on June 11, 2013, but defense counsel did not. The trial court indicated on the record that his clerk had attempted to call defense counsel the previous day, that she had left a voicemail telling him about the scheduled trial, and that she had not heard back from him. After ascertaining that plaintiff's counsel had not heard from defense counsel, the trial court took a break at 8:53 a.m.

During the break, plaintiff's counsel sent defense counsel a text message asking where he was. Defense counsel averred that four minutes later he called plaintiff's counsel and learned that the court had called him the day before. He stated that he called the trial court's office at 9:33 a.m. and left a voicemail stating that he had not received the voicemail from the court.

The trial court, however, had reconvened at 9:32 a.m., stating:

Plaintiff's counsel and the plaintiff have been ready. Not only is the defendant's lawyer not here but we—the court has not heard anything from him at all. I am prepared to take evidence, [plaintiff's counsel], to enter a default judgment against the defendant if you wish to proceed.

At that point, plaintiff's counsel indicated that he had "just" spoken with defense counsel and learned he was in Macomb County Circuit Court. Plaintiff's counsel reported to the court that defense counsel did not get the June 10 voicemail indicating that trial was proceeding on the morning of June 11. Although the trial court indicated that it did not "doubt" plaintiff's counsel, the court added "I know this office called him yesterday and left word and we've not heard a single thing from him." The court indicated that it was "bothered by his non-appearance with the effort made—you know—in writing. The notice of this trial went out weeks, if not months ago, for this block of time."

The trial court allowed plaintiff to present proofs. Based on the proofs, the court found that plaintiff's vehicle was defective. Thereafter, the court stated:

In conclusion before we close the record I want to make clear that on May Third, 2013 both [plaintiff's counsel] and [defense counsel] were notified that this case would be scheduled and held for trial during the period of time starting June 14th [sic], 2013, at 8:30 a.m. There are only two cases listed, Baird versus Keith Snyder which was settled, and then Romanchuck versus Ford Motor Company. So [defense counsel] was notified on May third—he probably received it a couple days later—that June 4th started the period of time that this case would be tried. Today is June 1 [sic], one week later. And the court was notified yesterday that the first scheduled case Baird versus Keith Snyder had settled and therefore [plaintiff's counsel] and [defense counsel] were called immediately to say now is the time for trial.

I just learned from any [sic] clerk again that several efforts were made to get ahold of [defense counsel] and she only got a phone message each time. And

-3-

[plaintiff's counsel] got the message at the very same time. He is here. His client is here. And therefore a default is entered against the defendant. The lawyer did not appear. There are jury costs that the county has had to incur, and that's why the default judgment is being entered by me.

While this was occurring, defense counsel concluded his settlement conference in his Macomb County case and began driving to the Calhoun County courthouse in Battle Creek, Michigan. Before he arrived, the trial court's secretary called him at 10:20 a.m. and informed him that the court was entering a default judgment against defendant for failure to appear.

On June 19, 2014, a default judgment was entered against defendant in the amount of $33,924.56. After costs, attorney fees, and judgment interest were added, the total amount of the judgment was $49,611.66. On July 10, 2013, defendant moved to set aside the default judgment on the ground that he established good cause and produced an affidavit of meritorious defense as required for setting aside a default judgment under MCR 2.603(D)(1). He also argued that the trial court abused its discretion in entering a default without considering lesser sanctions.

The trial court declined to set aside the default judgment, stating, "I do not believe given all the circumstances here the sanction was too great." Although MCL 257.1403 provides a mandatory formula by which the relevant damages in a lemon law case are to be calculated based on vehicular mileage and purchase price,[3] defense counsel asked the court to vacate the damages portion of the default judgment and requested a jury trial as to damages. The trial court granted the request, and a jury trial as to damages was held on May 14, 2014 after which judgment for plaintiff was again entered.[4]

A trial court has discretion to enter a default judgment when a party and counsel fail to appear at a duly scheduled trial. See MCR 2.603(B)(1).[5] However, "[o]ur legal system favors disposition of litigation on the merits." *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995). Before imposing a "drastic" sanction such as dismissal, the trial court "is required to

---

[3] MCL 257.1403(1)(a) provides that a manufacturer found liable has 30 days to either provide the plaintiff with a new comparable replacement vehicle acceptable to the customer or "accept return of the vehicle and refund the consumer the purchase price." MCL 257.1403 provides that the purchase price includes all options but is to be reduced by a designated offset based upon the vehicular mileage.

[4] On cross-appeal, plaintiff argues that the trial court erred when it only awarded plaintiff one third of the documented attorney fees. Given our resolution of defendant's appeal, we need not address this issue.

[5] A trial court's decision to enter a default judgment when a party or counsel fails to appear at trial is reviewed for an abuse of discretion. *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*. at 506. Before imposing dismissal as a sanction, a trial court should consider the following non-exhaustive list of factors:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507; see also *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008)]

Because the entry of an order of dismissal is a drastic step, caution is required before resorting to this sanction. *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998).

Considering the circumstances in this case, the trial court abused its discretion in entering the default and default judgment for defense counsel's failure to appear at trial. As an initial matter, the trial court wholly failed to consider whether lesser sanctions would better serve the interests of justice, even though such consideration should occur on the record before a court enters such a severe sanction. See *Vicencio*, 211 Mich App at 506.

Moreover, the facts in this case clearly speak to an accidental, not a willful failure to appear for trial. See *id*. at 507. Trial was originally noticed for June 4, 2013, but because an older case had not settled, the parties were informed at a June 3, 2013 conference call that the case was not going to proceed on that date. According to defense counsel's affidavit, the judge also indicated that he was going to be out of town on June 5 through June 7, so trial would proceed "sometime after that." Because defense counsel had trial scheduled in California for June 24, 2013, the court also indicated that it would attempt to schedule the trial before then. On June 10, 2013, at 2:21 p.m., the trial court's secretary left a voicemail for defense counsel indicating that trial would start at 8:30 a.m. the following morning. There is no indication that the secretary attempted to reach any other attorney or staff member at defendant's firm to advise them of the court's direction and direct them to inform counsel personally. Further, it is undisputed that defense counsel was unaware of the voicemail message until after the trial proceedings started on June 11, 2013. Defense counsel's actions after learning of the trial proceedings further illustrate the accidental nature of his absence: he conferred with plaintiff's counsel, called the court to apprise it of his situation, and then traveled toward the courthouse. He was still driving to the courthouse when the court called to inform him that a default was being entered against defendant. Thus, it is clear that his absence was accidental, not willful. Further, these facts also show that defense counsel attempted to cure the defect. See *id*.

Next, there is nothing on the record suggesting that defense counsel had a history of refusing to comply with previous court orders or that he had a history of deliberate attempts to delay the proceedings. See *id*. Instead, it appears that he was present at all hearings and

submitted all required papers in a timely fashion.[6]  Further, the prejudice in delaying the matter was, at the time the default was entered, slight.  Jury selection was to begin on June 11, 2013, but proofs were not scheduled to begin until the following day.  Thus, plaintiff did not have any witnesses, besides himself, present.  Even if an adjournment were required, it would have been a first adjournment of trial.  Thus, plaintiff was not unduly prejudiced by defense counsel's absence and a lesser sanction, rather than a default, should have been imposed.[7]  At the same time, we recognize that defense counsel's failure to appear necessitated multiple motions and hearings, including a one-day trial as to damages, none of which would have occurred had counsel appeared for trial as directed.

We vacate the judgment and remand for further proceedings as to plaintiff's claims.  On remand, the trial court may, in its discretion, impose a lesser sanction for defense counsel's failure to appear, including the assessment of plaintiff's costs and attorney fees incurred by plaintiff from June 11, 2013 through the date the instant claim of appeal was filed.  We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello

---

[6] It appears that defense counsel was ready for trial.  On June 3, 2013, he filed a trial brief, proposed jury instructions, a witness list, an exhibit list, and suggested voir dire questions.

[7] Our determination of prejudice is limited to prejudice that existed at the time the default was entered.  See *Vicencio*, 211 Mich App at 507 (stating that "before" imposing dismissal as a sanction, the trial court should consider several factors, including "the prejudice to the opposing party").