# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID SUTTON,

        Plaintiff-Appellant,

v

ADVANCE PHARMACEUTICAL,

        Defendant-Appellee.

UNPUBLISHED
March 13, 2018

No. 336526
Oakland Circuit Court
LC No. 2014-144679-CZ

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

PER CURIAM.

In this product liability action, plaintiff appeals as of right the trial court's order dismissing his case without prejudice. We reverse.

Plaintiff sued defendant on various theories of product liability, claiming that he suffered injury when he mistakenly ingested prescription acetaminophen tablets believing they were low-dose aspirin tablets.[1] Defendant moved in the trial court to compel plaintiff to sign authorization forms for release of his medical records. Over plaintiff's physician-patient privilege objections, the trial court granted defendant's motion, yet plaintiff refused to sign. The following day, the trial court entered an order dismissing plaintiff's case without prejudice. This appeal followed.

On appeal, plaintiff argues that the trial court committed error requiring reversal by granting defendant's motion to compel him to sign the authorization forms. Plaintiff contends that the medical records sought by defendant were protected by physician-patient privilege, and we agree.

"This Court reviews rulings on motions to compel discovery for an abuse of discretion." *Cabrera v Ekema*, 265 Mich App 402, 406; 695 NW2d 78 (2005). "[A]n abuse of discretion

---

[1] This is the second appeal in this case. In Docket No. 328038, plaintiff appealed the court's dismissal of his case for failure to pay a $500 sanction. We reversed and remanded the case because the $500 sanction was improper and dismissal was an inappropriate remedy for failure to pay. See *Sutton v Advance Pharmaceutical*, unpublished per curiam opinion of the Court of Appeals, issued October 25, 2016 (Docket No. 328038).

occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

Here, defendant sought medical records from plaintiff's treating physicians to determine whether plaintiff was taking any other medications at the time of the alleged injury that may have caused side effects similar to the ones identified in his complaint. MCR 2.314(C)(1) clearly contemplates requiring a party to sign authorizations as a method of enforcing compliance with the discovery of non-privileged information. That rule provides:

> (1) A party who is served with a request for production of medical information under MCR 2.310 must either:
>
> (a) make the information available for inspection and copying as requested;
>
> (b) assert that the information is privileged;
>
> (c) object to the request as permitted by MCR 2.310(C)(2); or
>
> (d) furnish the requesting party with signed authorizations in the form approved by the state court administrator sufficient in number to enable the requesting party to obtain the information requested from persons, institutions, hospitals, and other custodians in actual possession of the information requested.

Further, MCR 2.314(A) provides, in pertinent part:

> (1) When a mental or physical condition of a party is in controversy, medical information about the condition is subject to discovery under these rules to the extent that
>
> (a) the information is otherwise discoverable under MCR 2.302(B), and
>
> (b) the party does not assert that the information is subject to a valid privilege.
>
> (2) Medical information subject to discovery includes, but is not limited to, medical records in the possession or control of a physician, hospital, or other custodian, and medical knowledge discoverable by deposition or interrogatories.

Here, plaintiff asserted that the medical records sought by defendant were privileged, and therefore not discoverable. MCR 2.314(C)(1)(b); MCR 2.314(A)(1)(b).[2] Specifically, plaintiff

---

[2] But see MCR 2.314(B)(2), which states:

asserted the physician-patient privilege, which has its roots in MCL 600.2157. MCL 600.2157 states in relevant part:

> Except as otherwise provided by law, a person duly authorized to practice medicine or surgery shall not disclose any information that the person has acquired in attending a patient in a professional character, if the information was necessary to enable the person to prescribe for the patient as a physician, or to do any act for the patient as a surgeon.

"The purpose underlying the privilege is to protect the confidential nature of the physician-patient relationship, and to encourage patients to make full disclosure of their symptoms and conditions." *Landelius v Sackellares*, 453 Mich 470, 474; 556 NW2d 472 (1996). However, "[t]he statute [also] contains what is commonly referred to as a patient-litigator exception." *Id*. That provision of the statute states:

> If the patient brings an action against any defendant to recover for any personal injuries, or for any malpractice, and the patient produces a physician as a witness in the patient's own behalf who has treated the patient for the injury or for any disease or condition for which the malpractice is alleged, the patient shall be considered to have waived the privilege provided in this section as to another physician who has treated the patient for the injuries, disease, or condition. [MCL 600.2157.]

"Under this provision, a waiver of the physician-patient privilege is presumed with respect to treating doctors, if the patient brings an action for personal injury or other malpractice and produces another treating physician as a witness." *Landelius*, 453 Mich at 474.

In this case, plaintiff is the patient and has brought an action for personal injury against defendant. However, nothing in the record indicates that plaintiff has produced his own treating physician or "produced another treating physician as a witness" which would trigger the application of the patient-litigator exception. In fact, the only witness plaintiff has identified at this point in the litigation is Regan D. Carney, who states in her affidavit that she lived with plaintiff and observed him ingest the pills. Although defendant argues that plaintiff intends to rely on his treating physician, plaintiff's discovery responses do not support that assertion. Accordingly, because plaintiff has asserted a valid privilege to his medical records, the trial court

---

Unless the court orders otherwise, if a party asserts that the medical information is subject to a privilege and the assertion has the effect of preventing discovery of medical information otherwise discoverable under MCR 2.302(B), the party may not thereafter present or introduce any physical, documentary, or testimonial evidence relating to the party's medical history or mental or physical condition.

abused its discretion by ordering plaintiff to sign authorization forms so that defendant could obtain those records.

Reversed.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Patrick M. Meter