*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS E. JEZIERSKI, Minor, by next friend,
TERRIE JEZIERSKI,

        Plaintiff-Appellant,

v

CLARENDON NATIONAL INSURANCE
COMPANY, and GREAT LAKES CASUALTY
INSURANCE COMPANY,

        Defendants,

and

AUTUMN LEE BROW,

        Defendant-Appellee.

UNPUBLISHED
June 22, 2023

No. 360051
Macomb Circuit Court
LC No. 2018-000164-NI

Before: SWARTZLE, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Terrie Jezierski and Autumn Lee Brow experienced a vehicle collision outside of an elementary school, and Thomas Jezierski, who was a passenger in his mother's vehicle, was allegedly injured. A jury concluded that Brow was not negligent, and the trial court subsequently awarded fees and costs to Brow. As explained below, we affirm the trial court's denial of plaintiff's motion for a new trial but vacate and remand on the award of costs and fees.

## I. BACKGROUND

Terrie was driving Thomas to school when she made a U-turn in a parking lot so that she could more easily park on the side of the road. Terrie was exiting the parking lot when the collision with Brow occurred.

During the jury trial concerning Brow's alleged negligence, the parties submitted several exhibits and testimonies from several witnesses. This included plaintiff's testimony, Dr. Amanda

Weber's medical report concerning plaintiff's medical conditions, and a diagram reconstruction of the accident that was created by one of Brow's experts who did not testify. Plaintiff's counsel first called Brow to testify, and Brow answered questions regarding what street she was driving on, whether Terrie's car was pushed by the collision, and how the two cars collided. Brow's testimony included that she was going 25 miles per hour on the road when the collision occurred, even though plaintiff's counsel contested that Brow had given a different account of her speed to other individuals as well as that she would often slow down on the road when children were present. Plaintiff's counsel would often ask Brow the same question after receiving these answers from Brow. Brow's counsel objected to the repeated questions from plaintiff's counsel, and the trial court sustained the objection because Brow had already answered the questions.

Plaintiff's counsel then called Thomas' sisters to testify. During the direct examination of the first sister, plaintiff's counsel asked whether Terrie was also injured in the collision in an attempt to provide one explanation as to why she allowed Thomas to go to school without medical treatment after the collision. Brow's counsel objected to the question and argued that Terrie was not a party to the case. The trial court sustained the objection.

The trial court took a brief recess after plaintiff's counsel presented the direct examination of Thomas' second sister. During that recess, outside of the presence of the jury, the trial court stated the following while it was instructing the second sister that she was not yet excused as a witness.

> Yes. Don't say anything about your testimony, don't let anybody talk to you. Look it, I don't know, and I don't want to interfere in people's running a case, okay, but we have had witnesses here, the last three witnesses all testified to the same thing? My—when I was in a trial, I would present a person who was saying the same thing for cross-examination purposes and simply make a statement on the record they are going to say the same thing, do you have any cross-examination, because it is just time consuming, and we are just, I mean, we are just—it's redundant, all right, and I don't want to put the jury fast asleep and there will be—never wake up. And besides that, I am an old man, I don't have time for all this redundancy, okay?

> So, let's move on with the case. If this witness can testify to the same thing, it doesn't—like I said, you can just present that witness to testify, if my question, you know, was going to testify the same as the previous witness, I present him for cross-examination, this gentleman wants to cross-examine, fine, all right? Let's move the case along.

> * * *

> Also… I see no purpose in this case of getting witnesses to affirm what's on an exhibit. If there's a picture here, the pictures and exhibits speak for themselves. It is wasting our time to have witnesses say what's on an exhibit. It is just a waste of time of the Court. I don't have time. Like I said, I'm an old man, I'm not young like this young fella, won't be here forever, I don't have forever for this case, okay?

So, let's move this case along. If you—if you are repeating, try to keep that in mind, just present him for cross-examination, you can then use in closing argument that these witnesses all testified, will say the same thing, you can do that in closing argument the same as if they testified about, concerning, regarding as to the stand.

Plaintiff's counsel objected to the trial court's statements, and he was able to present his case-in-chief as he had been doing before the trial court's comments.

As the trial continued, and outside of the presence of the jury, the parties asked the trial court to make evidentiary rulings regarding Dr. Mark Rottenberg's upcoming testimony. Brow's counsel argued that Dr. Rottenberg should not be allowed to testify that he agreed with Dr. Bradley Sewick's medical diagnoses of plaintiff because Dr. Rottenberg was not a neuropsychologist and he was not qualified as an expert who could diagnose neurocognitive brain injuries. The trial court agreed with Brow's counsel, and it stated that Dr. Rottenberg was not qualified to give an opinion on Dr. Sewick's medical diagnosis.

Brow then called Dr. Jimmie Leleszi as a witness, and plaintiff's counsel asked Dr. Leleszi about Dr. Weber's medical report. Brow's counsel objected that it was not proper for Dr. Leleszi to read from a report that had been admitted into evidence. The trial court sustained the objection.

During closing arguments, Brow's counsel stated the following:

I—if I was sitting here, did any airbags go off, Judge? Here's my note, any air bags go off? But what was the jury told contrary to the common sense? Well, you got to understand that air bags fail. What? It is 2021. There's been seven years, and you are telling us that air bags just fail and that's why a head-on collision by a crazy defendant speeding down, knocking over children, running over buses because they are all in the area, they are all in the street, and that's what she's doing, and she runs head-on into this vehicle, not one airbag. Wow. So thankful for the jury instruction. Please go back to the jury room and use your common sense. Enough on that.

Plaintiff's counsel did not object during Brow's closing argument. The trial court then instructed the jury that it was only to consider evidence of "testimony of witnesses and exhibits offered and received," and that "lawyers' statements and arguments are not evidence." The jury then found that Brow was not negligent.

After the conclusion of the trial, Brow moved for the taxation of her fees and costs under MCR 2.625(2), stating that there were $247.20 in motion fees; $58,625.50 in expert witness fees for six experts, one of whom did not testify; $17,509.75 in deposition, transcript, video playback, and trial fees; $112.83 in subpoena fees; and $374.46 in service of process fees. For his part, plaintiff moved for relief from judgment and a new trial, arguing the trial court prevented plaintiff from cross-examining Brow, Brow admitted her negligence, and the trial court was biased.

The trial court held a hearing on both motions. The trial court denied plaintiff's motion, but granted Brow's motion, concluding that "the testimony and the exhibits at the trial . . . support

the Court's decision in this matter." The trial court then entered an order stating that it had reduced the costs for the videographer by $2,500 for the reasons stated on the record.

Plaintiff now appeals.

## II.  ANALYSIS

On appeal, plaintiff asserts over twenty purported reversible errors.  As recently observed by a federal appeals court, "Parties often raise a large number of claims on appeal.  But that does not mean that they should." *Courser v Mich House of Representatives*, 831 F Appx 161, 167 (CA 6, 2020).  The purported errors concern two main areas of review: (1) the trial court's denial of Thomas' motion for a new trial; and (2) the trial court's grant of fees and costs to Brow.

## A.  MOTION FOR A NEW TRIAL

This Court reviews a trial court's decisions to grant or deny a motion for a new trial for an abuse of discretion, *Guerrero v Smith*, 280 Mich App 647, 666; 761 NW2d 723 (2008), and this Court similarly reviews a trial court's evidentiary rulings for an abuse of discretion, *Mueller v Brannigan Bros Restaurants and Taverns LLC*, 323 Mich App 566, 571; 918 NW2d 545 (2018). A court abuses its discretion when its decision falls "outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

Even though it was not cited by plaintiff, MCR 2.611 governs the reasons by which a party may move for a new trial.  It states in relevant part:

> (1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:
>
>> (a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial.
>>
>> (b) Misconduct of the jury or of the prevailing party.
>>
>> * * *
>>
>> (e) A verdict or decision against the great weight of the evidence or contrary to law.

First, Thomas argues that the trial court committed several improper actions that resulted in irregularities in the proceedings which now require a new trial.  Specifically, he argues that the trial court improperly prohibited him from cross-examining Brow concerning how the collision occurred because the trial court sustained Brow's objection about having been asked the same question, and having answered the same question, multiple times.  Thomas' contention is that Brow's explanation of the collision was not logical, and he was not able to introduce the contradictions in her testimony.

-4-

Thomas ignores, however, that his counsel asked Brow about the accident, and she answered his questions. Moreover, his counsel was permitted to present arguments regarding Brow's inconsistent statements during closing. Thus, Thomas cannot demonstrate that his substantial rights were materially affected in this regard because his counsel was, in fact, able to ask the questions of Brow that he wanted and he was able to present his theory of the case.

Next, Thomas argues that the trial court improperly sustained Brow's objection regarding Terrie's injuries. The argument is meritless. Thomas was able to rebut Brow's argument, that Terrie allowed him to go to school because he was not injured, when he testified about his statements to Terrie after the accident. Further, Terrie's injuries were not relevant to Thomas' alleged injuries, and he cannot demonstrate that his substantial rights were materially impacted when he was able to address his theory of the case without discussing a third party's alleged injury.

Thomas goes on to argue that the trial court erred by admonishing his counsel regarding how to best call witnesses who were going to testify to similar material. Whether the trial court was correct in asserting that counsel could just submit witnesses for cross-examination, however, is irrelevant because the trial court did not require him to do that. Further, the trial court had this exchange with counsel outside of the presence of the jury. Plaintiff cannot demonstrate that his substantial rights were materially impacted in this regard because he was able to continue to present his case as he had been doing before the exchange with the trial court, and the jury's verdict could not have been impacted by an exchange for which the jury was not present.

Thomas next argues that the trial court erred when it did not allow his counsel to ask Dr. Leleszi about Dr. Weber's report, or allow Dr. Rottenberg to testify regarding Dr. Sewick's medical diagnosis. Thomas ignores, however, that the trial court did not exclude Dr. Rottenberg's or Dr. Leleszi's testimony for the sole reason that they would have been providing an opinion on another doctor's report or diagnosis. Instead, counsel had not qualified Dr. Rottenberg as an expert capable of providing medical diagnosis, which would include the ability to provide an expert opinion about another doctor's medical diagnosis; and Dr. Weber's report had already been entered into evidence without the need for Dr. Leleszi to read it into the record. Further, plaintiff cannot demonstrate how his substantial rights were materially affected because the report and the diagnosis were entered into evidence for the jury to consider.

Thomas also argues that Brow's counsel made improper comments during closing arguments that prejudiced him. Specifically, he argues that his theory of the case never involved a characterization of Brow "knocking over children" or "running over buses."

> When reviewing an appeal asserting improper conduct of an attorney, the appellate court should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless. If the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial. If the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry. It must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial. If the court cannot say that the result was not affected, then a new trial may be granted. Tainted verdicts need not be allowed to stand simply because a lawyer or judge or

both failed to protect the interests of the prejudiced party by timely action. *Reetz v Kinsman Marine Transit Co*, 416 Mich 97, 102-103; 330 NW2d 638 (1982).

Thomas ignores that counsel repeatedly asked Brow if she knew the rate of speed at the time of the accident, if she was traveling too fast, and whether she would slow down if children were in the area. Although Brow's counsel's description might have been slightly hyperbolic, Thomas does argue that Brow admitted on the stand that she bore fault by driving too fast when considering that children were in the area. Read in context, it is clear that Brow's counsel's arguments were an attempt to counter plaintiff's counsel's theory of the case. And, in any event, Thomas cannot demonstrate that his substantial rights were materially affected by this characterization because the trial court instructed the jury that it was not to consider the attorneys' arguments as evidence and the jury is presumed to follow its instruction. *Ykimoff v Foote Mem Hosp*, 285 Mich App 80, 109; 776 NW2d 114 (2009).

As just noted, Thomas maintains that Brow admitted fault. Based on this, plaintiff argues that the verdict was against the great weight of the evidence. "When a party challenges a jury's verdict as against the great weight of the evidence, this Court must give substantial deference to the judgment of the trier of fact." *Allard v State Farm Ins Co*, 271 Mich App 394, 407; 722 NW2d 268 (2006). "If there is any competent evidence to support the jury's verdict, we must defer our judgment regarding the credibility of the witnesses." *Id*. at 406-407.

Thomas ignores that there was competent evidence by which the jury could render a verdict. Namely there were photos, diagrams, and testimonies of the accident presented to the jury. This included testimonies from both drivers. Moreover, Brow's testimony concerns how credible the jury found her regarding her alleged contradictory statements. This Court defers to the jury's determination of credibility, and plaintiff has not demonstrated that the great weight of the evidence is against the jury's verdict.

Thomas also raises issues concerning how the trial court addressed Brow's witnesses, whether the trial court was biased against plaintiff, and whether the trial court erred by excluding certain evidence. Plaintiff has abandoned these issues, however, when he did not develop them beyond simply alluding to them. "An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Chessman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015).

Given that Thomas is unable to demonstrate that his substantial rights were materially affected by the alleged irregularities, opposing-party misconduct, or great weight of the evidence, we are not left with a definite and firm conviction that the trial court made a mistake by denying his motion for a new trial.

## B. FEES AND COSTS

A trial court's determination to award expert witness fees, as well as other costs under MCR 2.625, is reviewed for an abuse of discretion. *Guerrero*, 280 Mich App at 670; *Rickwalt v Richfield Lakes Corp*, 246 Mich App 450, 466; 633 NW2d 418 (2001).

MCR 2.625 governs the taxation of costs, and it states in relevant part:

-6-

(A) Right to Costs.

(1) In General. Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action.

* * *

(G) Bill of Costs; Supporting Affidavits.

(1) Each item claimed in the bill of costs, except fees of officers for services rendered, must be specified particularly.

(2) The bill of costs must be verified and must contain a statement that

(a) each item of cost or disbursement claimed is correct and has been necessarily incurred in the action, and

(b) the services for which fees have been charged were actually performed.

(3) If witness fees are claimed, an affidavit in support of the bill of costs must state the distance traveled and the days actually attended. If fees are claimed for a party as a witness, the affidavit must state that the party actually testified as a witness on the days listed.

Additionally, MCL 600.2164 governs expert witness fees and it states in relevant part:

(1) No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case. Any such witness who shall directly or indirectly receive a larger amount than such award, and any person who shall pay such witness a larger sum than such award, shall be guilty of contempt of court, and on conviction thereof be punished accordingly.

(2) No more than 3 experts shall be allowed to testify on either side as to the same issue in any given case, unless the court trying such case, in its discretion, permits an additional number of witnesses to testify as experts.

(3) The provisions of this section shall not be applicable to witnesses testifying to the established facts, or deductions of science, nor to any other specific facts, but only to witnesses testifying to matters of opinion.

Thomas has abandoned most of his arguments regarding the trial court's award of fees and costs because he does not develop his arguments beyond merely announcing his position. See *Chessman*, 311 Mich App at 161. For example, he ignores that MCL 600.2164(2) allows a trial court to permit at its discretion any additional expert witnesses beyond three on a single issue, and

he does not substantiate whether certain expert's fees are unreasonable when compared to other qualified experts in the same field.

Thomas did, however, develop his argument that costs are only taxable if there is statutory authority for those costs. As this Court explained in *Guerrero*, 280 Mich App at 673-674, "the expense of exhibit enlargement is not a taxable cost," "traveling expenses of witnesses may be taxed as costs, [but] there is no statute or court rule allowing for the taxation of the traveling expenses of attorneys or parties," "no statute or court rule allows the taxation of expenses related to the general copying of documents," and "the costs of copying the video depositions at issue here were properly taxed because the depositions were filed in the clerk's office and used as evidence at trial."

Some of the costs awarded here are similar to those prohibited in *Guerrero*. Although Brow is correct that only $150 was awarded for visual aids as the statutory maximum for that type of cost under MCL 600.2441(1)(c), the trial court did not provide any reasoning regarding its decision to award fees and costs, or any reasoning for its decision to reduce the videographer costs by $2,500. Thus, this Court cannot determine whether the trial court's decision was within the range of principled outcomes.

Because the trial court did not provide any applicable reasoning for granting fees and costs to Brow as the prevailing party, or for its reduction in costs apportioned to the videographer's services, the trial court abused its discretion. Accordingly, we vacate the award of Brow's fees and costs. This issue is remanded to allow the trial court to award fees and costs "as long as the court provides an adequate reason in writing under MCR 2.625(A)(1)," *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 368; 824 NW2d 609 (2012), as well as adequate reasoning under any other statute or court rule applicable to Brow's fees and costs.

## III. CONCLUSION

The trial court did not abuse its discretion in denying plaintiff's motion for a new trial because he was unable to show that his substantial rights were materially affected by the alleged irregularities, opposing-party misconduct, or great weight of the evidence. The trial court did abuse its discretion, however, by not providing any reasoning regarding the award of fees and costs to Brow.

Accordingly, we affirm the trial court's decision to deny plaintiff's motion for a new trial, we vacate the trial court's award to Brow for her fees and costs, and we remand the issue regarding fees and costs to the trial court. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Anica Letica

-8-