*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES JOSEPH,

      Plaintiff-Appellee,

v

ENTERTAINMENT MANAGERS, LLC, doing
business as THE ENTERTAINMENT DISTRICT,

      Defendant-Appellant.

UNPUBLISHED
November 25, 2025
1:54 PM

No. 369697
Kalamazoo Circuit Court
LC No. 2023-000092-AV

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

GARRETT, J. (*dissenting*).

I respectfully dissent from the majority's determination that the district court did not abuse its discretion by denying defendant's motion to set aside the default judgment. Because the district court failed to apply the proper legal framework when it analyzed defendant's motion, I would vacate the district court's order and remand for further proceedings.

## I. LEGAL PRINCIPLES

In order to set aside a default judgment, a defendant must demonstrate "good cause" and a "meritorious defense" as stated in MCR 2.603(D)(1). *Saffian v Simmons*, 477 Mich 8, 14; 727 NW2d 132 (2007). These requirements "are analytically different concepts" and "a party must show both in order to prevail on a motion to set aside a default judgment." *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 653; 617 NW2d 373 (2000). A defendant may establish good cause by showing "(1) a procedural irregularity or defect, or (2) a reasonable excuse for not complying with the requirements that created the default." *Id.* "Manifest injustice is *not* a third form of good cause that excuses a failure to comply with the court rules where there is a meritorious defense." *Id.* "Rather, it is the result that would occur if a default were not set aside where a party has satisfied the 'good cause' and 'meritorious defense' requirements of the court rule." *Id.* In determining whether a defendant has established good cause, courts should consider the following nonexhaustive list of factors:

      (1) whether the party completely failed to respond or simply missed the deadline to file;

(2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;

(3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;

(4) whether there was defective process or notice;

(5) the circumstances behind the failure to file or file timely;

(6) whether the failure was knowing or intentional;

(7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4); [footnote omitted]

(8) whether the default judgment results in an ongoing liability (as with paternity or child support); and

(9) if an insurer is involved, whether internal policies of the company were followed. [*Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008).]

Under MCR 2.603(D)(1), a defendant seeking to set aside a default judgment must provide "an affidavit of facts establishing a meritorious defense" in order "to inform the trial court whether the defaulted defendant has a meritorious defense to the action." *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 392; 808 NW2d 511 (2011). If the defendant has a meritorious defense that is strong, a lesser showing of good cause will suffice to set aside the default judgment. *Barclay*, 241 Mich App at 653. In determining whether the defendant has demonstrated a meritorious defense, a court should consider whether the affidavit establishes that:

(1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;

(2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or

(3) the plaintiff's claim rests on evidence that is inadmissible. [*Shawl*, 280 Mich App at 238.]

The determination whether to set aside a default judgment is a "fact-intensive" inquiry that the trial court should base on the "totality of the circumstances." *Id*. at 236-237.

## II. ANALYSIS

The district court denied defendant's motion to set aside the default judgment on the basis that defendant failed to establish good cause for doing so. Regarding defendant's calendaring error, the court stated:

I frankly just don't find that that's good cause. It's not a matter of intent. The Court Rules are the Court Rules. Yeah, sometimes they—somebody doesn't do something like calendaring something, forgetting about something, and it comes back to bite 'em, but I'm kind of a stickler for following the Court Rules as, I believe, I'm required by law to do. If everybody plays by the same rules, whether it's plaintiffs, defendants, pro se parties or not, it's better for everybody. You can always turn to the rules.

The court's reasoning makes clear that it did not consider whether defendant had a meritorious defense as it was required to do. If defendant had a meritorious defense, a lesser showing of good cause would have sufficed. *Barclay*, 241 Mich App at 653. Instead, the court determined that the default judgment was warranted on the basis of defendant's failure to comply with the court rules without more.

In addition, the record shows that defendant had very strong, if not absolute, defenses. Plaintiff was not a party to the contract. Rather, plaintiff's daughter and future son-in-law, the bride and groom of the planned event, signed the contract. Defendant raised that argument in its motion to set aside the default judgment. Defendant also argued that plaintiff did not make any of the payments for the event. Instead, plaintiff's wife made the payments. Defendant attached a verified statement to its motion as required under MCR 2.603(D)(1). In his verified statement, Ryan Reedy, defendant's member manager, averred that plaintiff was not a party to the contract and did not make any of the payments for the event.

Plaintiff's lack of standing to assert his claims was a defense that defendant asserted in its affirmative defenses filed with its answer to the complaint. At the hearing on defendant's motion to set aside the default judgment, defendant argued that plaintiff was not a party to the contract and was not the real party in interest. To have standing to assert a claim, "a party must have a legally protected interest that is in jeopardy of being adversely affected." *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013) (quotation marks and citation omitted). "A plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Id*. (quotation marks and citation omitted).

Reedy also averred that the event was originally scheduled to be held on August 14, 2020, but the contract was amended twice and the event was postponed twice. Reedy stated that, ultimately, the bride and groom chose "for personal reasons" not to hold the event altogether. Defendant attached to its motion to set aside the default judgment e-mail correspondence indicating that the event had been rescheduled with a 100% credit of payments made, but that the amended contract stated that all payments were nonrefundable. The district court never considered defendant's meritorious defenses and instead focused exclusively on whether defendant's reason for filing a late answer to the complaint amounted to good cause. This was erroneous because, if defendant had a meritorious defense, it was entitled to relief on a lesser showing of good cause. *Barclay*, 241 Mich App at 653. The court was therefore required to consider defendant's defenses

and applied an improper legal framework by failing to do so. "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). Accordingly, I would vacate the district court's order and remand for reconsideration under the proper legal framework.

/s/ Kristina Robinson Garrett